STATE of Minnesota, Appellant/Cross–
Respondent,

v.

Tito Fonzio CAMPBELL,
Respondent/Cross–
Appellant.

No. A10–0512.

Supreme Court of Minnesota.

May 9, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and John J. Choi, Ramsey

County Attorney, Thomas R. Ragatz, Assistant Ramsey County Attorney, St. Paul, MN, for appellant.

David W. Merchant, Chief Appellate Public Defender, Mark D. Nyvold, Special Assistant Public Defender, St. Paul, MN, for respondent.

## OPINION

MEYER, Justice.

In this appeal, we are asked to determine how to calculate an offender's criminal history score when the court permissively imposes a felony sentence consecutive to a gross misdemeanor sentence. Respondent Tito Fonzio Campbell was convicted of six offenses, including gross misdemeanor criminal vehicular operation resulting in bodily harm and felony fleeing a police officer resulting in death. The district court imposed a 12–month sentence for the gross misdemeanor and a consecutive 234–month sentence for the felony fleeing offense, using a criminal history score of three. The court of appeals reversed Campbell's sentence, concluding that zero criminal history points should have been used to calculate the duration of the felony sentence under Minn. Sent. Guidelines 2.F.2.[1] We reverse the court of appeals and reinstate the district court's sentence.

On April 18, 2009, Campbell drove after drinking alcohol and despite his cancelled driver's license. Campbell saw police and fled with his 10–year–old son in the car. After driving at a high rate of speed, Campbell ran a red light and crashed into another car, injuring the driver, and killing the driver's wife. Within two hours of the accident, a test of Campbell's blood revealed a blood alcohol level of 0.15. After a jury trial, Campbell was found guilty of gross misdemeanor driving after cancellation, Minn.Stat. § 171.24, subd. 5 (2010); felony first-degree driving while impaired, Minn.Stat. §§ 169A.20, subd. 1(1), 169A.24, subd. 1(1) (2010); gross misdemeanor endangerment of a child, Minn.Stat. § 609.378, subd. 1(b)(1) (2010); gross misdemeanor criminal vehicular operation resulting in bodily harm, Minn.Stat. § 609.21, subds. 1(4), 1a(d) (2010); and felony fleeing a police officer in a motor vehicle resulting in death, Minn.Stat. § 609.487, subd. 4(a) (2010).

On January 12, 2010, the district court imposed five sentences in the order in which the offenses occurred.[2] The court imposed a 12–month sentence on the gross misdemeanor criminal vehicular operation conviction. Based on a criminal history score of three and a severity level of ten, the court imposed a permissive consecutive sentence of 234 months on the felony flee-

1. The guidelines previously employed a numbering scheme with Roman numerals, but amendments effective August 1, 2011, instituted a numbering scheme with Arabic numerals. These amendments did not alter the substance of the guidelines or comments relevant to this case, and we therefore refer to these provisions as currently numbered.

2. The district court imposed sentences on Campbell's offenses in the following order: (1) gross misdemeanor driving after cancellation, (2) felony first-degree DWI, (3) gross misdemeanor child endangerment, (4) gross misdemeanor criminal vehicular operation re-

sulting in bodily harm, and (5) felony fleeing a police officer resulting in death. Campbell was also convicted of felony criminal vehicular homicide, Minn.Stat. § 609.21, subd. 1(4) (2010). The district court chose not to sentence Campbell on the criminal vehicular homicide, agreeing with defense counsel that Campbell should not be twice sentenced for causing one death. Additionally, the court agreed with the State's conclusion that an additional executed sentence for criminal vehicular homicide would not alter Campbell's overall sentence because it would run concurrent to the felony fleeing sentence.

ing conviction, to be served consecutive to the 12–month gross misdemeanor sentence.[3] The court justified the consecutive sentence based on the multiple victim exception, Minn. Sent. Guidelines 2.F.2.f. and Minn.Stat. §§ 609.035, subd. 5 and 609.15, subd. 1(b) (2010).

▉ Campbell appealed to the court of appeals on multiple issues and asserted that the district court erred by failing to use a criminal history score of zero to calculate the duration of the permissive consecutive felony fleeing sentence. The court of appeals determined that the duration of Campbell's permissive consecutive felony fleeing sentence must be calculated using a criminal history score of zero, and reversed and remanded for resentencing. *State v. Campbell*, No. A10–0512, 2011 WL 1833013, at *5–6 (Minn.App. May 16, 2011). The State filed a petition for review, Campbell filed a cross-petition for review, and we granted both petitions.[4]

## I.

▉ The principal question presented by this appeal is whether, when a district court permissively imposes a felony sentence consecutive to a gross misdemeanor sentence, the court is required under Minn. Sent. Guidelines 2.F.2. to reduce the offender's criminal history score to zero before calculating the presumptive sentence for the felony offense.

▉ Statutory construction and interpretation of the sentencing guidelines are subject to de novo review. *State v. Williams*, 771 N.W.2d 514, 520 (Minn.

2009). We apply the rules of statutory construction to our interpretation of the sentencing guidelines. *Id.* at 523. When interpreting a statute, our role is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010). If the language of a statute is plain and unambiguous, it is presumed to manifest legislative intent and we must give it effect. *Burkstrand v. Burkstrand*, 632 N.W.2d 206, 210 (Minn.2001). Only if a statute is ambiguous will we engage in statutory construction. *State v. Peck*, 773 N.W.2d 768, 772 (Minn.2009). A statute is ambiguous if it is subject to more than one reasonable interpretation. *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000).

Section 2.F.2. of the Minnesota Sentencing Guidelines states, "For each offense sentenced consecutive to *another offense(s)*, other than those that are presumptive, a zero criminal history score, or the mandatory minimum for the offense, whichever is greater, shall be used in determining the presumptive duration." (Emphasis added.) Campbell argues that Minn. Sent. Guidelines 2.F.2. dictates that a zero criminal history score be used to calculate the duration of his permissive consecutive sentence for his felony fleeing conviction. The district court did not reduce Campbell's criminal history score to zero, and instead used Campbell's three criminal history points to calculate the duration of the felony fleeing sentence. The court of appeals concluded that the duration of Campbell's felony fleeing sentence

---

3. The district court also imposed three concurrent sentences based on Campbell's convictions for gross misdemeanor driving after cancellation, felony first-degree DWI, and gross misdemeanor child endangerment.

4. For the first time in his brief to our court, Campbell raised the issue of whether he is

entitled to relief under *State v. Perkins*, 554 N.W.2d 80 (Minn.1996). Issues not raised in the district court but raised for the first time on appeal are considered waived. *State v. Roby*, 463 N.W.2d 506, 508 (Minn.1990). This issue was waived, and we decline to reach it.

should have been determined using a zero criminal history score.

To resolve this case, we must determine the meaning of the phrase "another offense" in Minn. Sent. Guidelines 2.F.2. The term "offense" is not defined in the definition section of the Minnesota Sentencing Guidelines. *See* Minn. Sent. Guidelines Appendix. Section 2.F. does not indicate whether the term "offense," as used in that section, is limited to felonies or includes gross misdemeanors and misdemeanors as well.

Campbell argues that "another offense" means "any offense," because the Sentencing Guidelines Commission could have easily used the phrase "felony offense" to require that an offender's criminal history is reduced to zero only when felony sentences are permissively imposed consecutive to other felony sentences. The Commission uses the phrase "felony offense" in other places in the Minnesota Sentencing Guidelines. The State asserts that "another offense" means "felony offense" and that the phrase must be considered in light of the context of section 2.F.2. and of the Minnesota Sentencing Guidelines as a whole, both of which focus on felony offenses. Because the phrase "another offense" in section 2.F.2. can reasonably be interpreted to mean "another felony offense" or to mean "any other offense," we conclude that Minn. Sent. Guidelines 2.F.2. is ambiguous. We now look to other factors to determine the intent of the Sentencing Guidelines Commission.

Our interpretation of Minn. Sent. Guidelines 2.F.2. is guided by the context of that section and the Minnesota Sentencing Guidelines as a whole. *Christensen v. Hennepin Transp. Co.*, 215 Minn. 394, 409, 10 N.W.2d 406, 415 (1943) (explaining that we construe statutes in light of their context); *see State v. Gaiovnik*, 794 N.W.2d 643, 647 (Minn.2011) ("When interpreting statutes, we do not examine different provisions in isolation."). The Minnesota Sentencing Guidelines state at the outset that they apply only to felonies. *See* Minn. Sent. Guidelines 1 (stating that one purpose of the guidelines is to ensure proportionality of sentences "following the conviction of a *felony*") (emphasis added). Additionally, section 2.F.2. is narrowly focused on felony offenses. Section 2.F.2., "Permissive Consecutive Sentences," contains a list of situations where consecutive sentencing is permissive, all of which involve felony offenses. Minn. Sent. Guidelines 2.F.2.a-g.

■■ Our interpretation of Minn. Sent. Guidelines 2.F.2. is also guided by the need for the law, the circumstances of its enactment, the purpose of the statute, and the consequences of a certain interpretation. *See Kersten v. Minnesota Mut. Life Ins. Co.*, 608 N.W.2d 869, 874–75 (Minn. 2000) (citing Minn.Stat. § 645.16). Additionally, when interpreting an ambiguous provision of the Minnesota Sentencing Guidelines, we look to "commission policy and official commission interpretation." *State v. McGee*, 347 N.W.2d 802, 806 (Minn.1984). The Minnesota Sentencing Guidelines clearly express the purpose and policy behind a reduction of an offender's criminal history score to zero in permissive consecutive sentencing:

> For each offense sentenced consecutive to another offense(s), other than those that are presumptive, a zero criminal history score, or the mandatory minimum for the offense, whichever is greater, shall be used in determining the presumptive duration. The purpose of this procedure is to count an individual's criminal history score only one time in the computation of consecutive sentence durations.

Minn. Sent. Guidelines 2.F.2. Recognizing that consecutive sentences are particularly

severe punishment, the Commission intended that an offender's criminal history is counted once, and only once, in consecutive sentencing.

Campbell's sentence for felony fleeing was imposed consecutive to a gross misdemeanor sentence. Criminal history does not factor into the calculation of gross misdemeanor sentences because they are not governed by the Minnesota Sentencing Guidelines. Instead, misdemeanor and gross misdemeanor sentences are indeterminate with limits set by statute. Minn. Stat. § 609.02, subds. 3–4 (2010). A district court sentencing misdemeanor or gross misdemeanor offenses may impose a sentence anywhere within the statutory range. See State v. Glewwe, 307 Minn. 513, 515, 239 N.W.2d 479, 480 (1976). An offender's criminal history is not factored into misdemeanor and gross misdemeanor sentencing. Campbell's three criminal history points had no effect on his sentence for the gross misdemeanor offense. Therefore, by using three criminal history points, the district court followed the policy underlying Minn. Sent. Guidelines 2.F.2. because it counted Campbell's criminal history score only one time in the calculation of the consecutive sentence duration.

If we interpreted "another offense" to include a gross misdemeanor offense, Campbell would be resentenced using a criminal history score of zero to calculate the duration of the permissive consecutive felony fleeing sentence. Because Campbell's criminal history was not counted in the calculation of his gross misdemeanor sentence, the result would be that Campbell's criminal history would go uncounted in calculating the duration of the felony fleeing sentence. Such an interpretation would not serve the purpose of the Guidelines because the criminal history score would not be counted. Instead, we interpret "another offense" to mean "felo-

ny offense." The district court properly used Campbell's three criminal history points in the calculation of his permissive consecutive felony fleeing sentence because it was not imposed consecutive to another felony. We, therefore, reverse the court of appeals' determination that the duration of Campbell's consecutive sentence must be calculated using a criminal history score of zero, and we reinstate the district court's sentence of 246 months.

## II.

Campbell cross-appealed, asserting that the district court erred in calculating his criminal history score by including one point for a 1995 robbery conviction for which Campbell received a stay of imposition and a sentence within the gross misdemeanor range.

In 1995, Campbell pleaded guilty to simple robbery. The court stayed imposition of sentence for two years, placed Campbell on probation for the term of the two-year stay, and ordered him to perform community service. At sentencing for the instant offenses, the district court assigned Campbell one felony criminal history point for the robbery. Campbell asserts that the district court erred in assigning this criminal history point because his robbery sentence "became a gross misdemeanor by operation of law," because the sentence was within gross misdemeanor limits, and so cannot result in a felony criminal history point.

Interpretation of the sentencing guidelines is a legal question that we review de novo. State v. Zeimet, 696 N.W.2d 791, 793 (Minn.2005). A felony conviction is deemed a gross misdemeanor if the sentence imposed for the felony is within gross misdemeanor limits. Minn.Stat. § 609.13, subd. 1(1) (2010). Minn. Sent. Guidelines 2.B.1.e. states that felonies resulting in gross misdemeanor sentences

count as gross misdemeanors in the calculation of criminal history scores. However, Minn. Sent. Guidelines 2.B.1. states that criminal history is calculated by giving felony points to every felony conviction where a sentence was stayed or imposed or where a stay of imposition was given before the current sentence. Minn. Sent. Guidelines cmt. 2.B.101. further explains that felony criminal history points are given for felony stays of imposition, regardless of the period of probation the court pronounced.

Campbell is incorrect to rely on Minn. Sent. Guidelines 2.B.1.e. because section 2.B.1.e. assumes that a gross misdemeanor sentence was *imposed* for the felony conviction. By definition, when a court stays imposition of sentence it imposes no sentence. When he was sentenced for the robbery, Campbell received a stay of imposition—no sentence was imposed and therefore Minn.Stat. § 609.13, subd. 1(1) and Minn. Sent. Guidelines 2.B.1.e. cannot apply. The calculation of criminal history points for Campbell's robbery conviction is governed by Minn. Sent. Guidelines 2.B.1., which directs that felony stays of imposition result in felony criminal history points no matter what period of probation the defendant receives. We conclude that the district court did not err in assigning one criminal history point to Campbell for his 1995 robbery conviction.

Reversed, sentence reinstated.

Dissenting, STRAS, PAGE, and ANDERSON, PAUL H., JJ.

STRAS, Justice (dissenting).

I respectfully dissent. The court unnaturally reads the phrase "another offense" in Minn. Sent. Guidelines 2.F.2. to refer only to felony offenses. In doing so, the court relies on the underlying policies and objectives of the Minnesota Sentencing Guidelines. In my view, resort to such evidence is neither necessary nor appropriate because the plain and ordinary meaning of the phrase "another offense" broadly encompasses *any* other crime committed by a defendant, whether a felony, gross misdemeanor, or misdemeanor. Because the language of the provision at issue in this case is clear and unambiguous, I would reverse Campbell's sentence and remand to the district court for resentencing.

I.

As the court explains, the district court consecutively sentenced Campbell to a total of 246 months imprisonment: 12 months for gross misdemeanor criminal vehicular operation resulting in bodily harm, Minn.Stat. § 609.21, subds. 1(4), 1a(d) (2010), followed by 234 months for felony fleeing a police officer in a motor vehicle resulting in death, Minn.Stat. § 609.487, subd. 4(a) (2010). For the felony fleeing conviction, the district court used a criminal history score of three in imposing sentence. Campbell argues, and the court of appeals held, that Minn. Sent. Guidelines 2.F.2. required the district court to use a criminal history score of zero in calculating the presumptive sentence for Campbell's felony fleeing conviction. Campbell's reading of section 2.F.2. is correct.

As relevant here, Minn. Sent. Guidelines 2.F.2. states as follows: "[f]or each offense sentenced consecutive to another offense(s), other than those that are presumptive, a zero criminal history score, or the mandatory minimum for the offense, whichever is greater, shall be used in determining the presumptive duration." Neither party contends that Campbell's consecutive sentence was presumptive. Nor do the parties dispute that Campbell's felony fleeing conviction constituted an "offense" for which Campbell was consecutively sentenced. Rather, the question

presented by this case is whether Campbell's criminal vehicular operation conviction, a gross misdemeanor, constituted "another offense" under section 2.F.2., requiring the district court to use a zero criminal history score in calculating Campbell's presumptive sentence for the felony fleeing conviction.

In answering that question, I would look no further than the plain and ordinary meaning of the term "offense." *See Emerson v. Sch. Bd. of Indep. Sch. Dist. 199,* 809 N.W.2d 679, 682 (Minn.2012) (stating that "we give words and phrases their plain and ordinary meaning"). The term "offense" refers to any crime or transgression of law, whether a misdemeanor or a felony. *See The American Heritage Dictionary of the English Language* 1222 (5th ed. 2011) ("A transgression of law; a crime."). In fact, a number of dictionaries explicitly define the term "offense" as including misdemeanors. *Webster's Third International Dictionary of the English Language Unabridged* 1566 (2002) ("[A]n infraction of law: CRIME, MISDEMEANOR"); *Black's Law Dictionary* 1186 (9th ed.2009) ("A violation of the law; a crime, often a minor one."); *Black's Law Dictionary* 1081 (6th ed.1990) ("A felony or misdemeanor; a breach of the criminal laws; violation of law for which penalty is prescribed."). Unsurprisingly, our case law has consistently reached the same conclusion. *See, e.g., Smith v. Hubbard,* 253 Minn. 215, 220, 91 N.W.2d 756, 761 (1958) ("The terms 'public offense' in M.S.A. 629.34(1) and 'criminal offense' in § 629.40 include both felonies and misdemeanors...."); *State v. Cantieny,* 34 Minn. 1, 9, 24 N.W. 458, 462 (1885) ("The term 'offence' here used is defined to be 'a breach of the laws established for the protection of the public, as distinguished from an infringement of mere private rights....' It includes all such violations of municipal ordinances as are punishable by fine or imprisonment."). Because the term "offense" unambiguously refers to any crime,[1] whether felony, gross misdemeanor, or misdemeanor, I would conclude that Campbell's criminal vehicular operation conviction qualifies as "another offense" under section 2.F.2.

Although it is unnecessary to go beyond the plain and ordinary meaning of the term "offense" in reaching that conclusion, my interpretation finds further support in other provisions of the guidelines. As the court notes, the phrase "felony offense" appears elsewhere in the guidelines. In fact, the phrase appears at least six times in the text of the guidelines and on 13 other occasions in the comments. Thus, if the Sentencing Guidelines Commission intended to restrict the application of section 2.F.2.'s limitation to only those felony offenses sentenced consecutively to other felony offenses, it could have used language to that effect. *See Premier Bank v.*

---

1. The parties do not dispute that Campbell's felony fleeing conviction is an "offense" under section 2.F.2. Nonetheless, to the extent the term "offense" ever carried a different meaning, it referred *only* to misdemeanor or petty, non-indictable crimes—not to felonies. *See* Bryan A. Garner, *A Dictionary of Modern Legal Usage* 614 (2d ed.1995) ("It is common ... to use *offense* for the less serious infractions and *crime* for the more serious ones."); *Black's Law Dictionary* 1232 (4th ed.1968) (stating that offense "is used as a *genus,* comprehending every crime and misdemeanor, or as a *species,* signifying a crime not indictable, but punishable summarily or by the forfeiture of a penalty"); *Bouvier's Law Dictionary* 2399 (8th ed.1914) ("In a more confined sense, [offense] may be considered as having the same meaning with misdemeanor...."); *accord Webster's Third International Dictionary of the English Language Unabridged* 1566 (2002) (alternately defining "offense" as follows: "*sometimes:* a misdemeanor not indictable but subject to summary punishment"). Remarkably, the court reaches a conclusion here that defines "offense" in exactly the opposite manner: as incorporating felonies but not misdemeanors.

*Becker Dev., LLC,* 785 N.W.2d 753, 760 (Minn.2010) (stating that courts may not add to a statute words "that are purposely omitted or inadvertently overlooked"). Put another way, it is significant that the Commission did *not* say in section 2.F.2. that district courts must use a zero criminal history score for an offense sentenced consecutive to "another *felony* offense," a phrase that appears verbatim in a comment to the guidelines. Minn. Sent. Guidelines cmt. 2.B.107. (using the phrase "another felony offense"); *see also Harrison ex rel. Harrison v. Harrison,* 733 N.W.2d 451, 455 (Minn.2007) (concluding that the meaning of the word "install" could not be limited to an installation performed at a factory, when other portions of the statute used the term "factory-installed").

## II.

For the foregoing reasons, I would hold that the phrase "another offense" in Minn. Sent. Guidelines 2.F.2. unambiguously refers to any other crime committed by a defendant, whether a felony, gross misdemeanor, or misdemeanor. Because the district court elected to impose a permissive, consecutive sentence on Campbell, section 2.F.2. required the court to use a criminal history score of zero in calculating the presumptive sentence for Campbell's felony fleeing offense. In light of the district court's failure to follow section 2.F.2., I would reverse Campbell's sentence and remand for resentencing.

PAGE, Justice (dissenting).

I join in the dissent of Justice Stras.

ANDERSON, PAUL H., Justice (dissenting).

I join in the dissent of Justice Stras.