*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0506, A15-1003**

State of Minnesota,
Respondent,

vs.

Derrick Jacqueay Roberson,
Appellant

**Filed May 9, 2016
Affirmed
Worke, Judge**

Steele County District Court
File No. 74-CR-12-1621

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Dan McIntosh, Steele County Attorney, James S. Cole, Assistant County Attorney, Owatonna, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Worke, Judge; and Johnson, Judge.

**UNPUBLISHED OPINION**

**WORKE**, Judge

Appellant challenges his third-degree-assault conviction, arguing that (1) the district court violated his right to counsel by denying his request to rescind his right of

self-representation and for advisory counsel to assume representation or reappointment of the public defender; (2) his waiver of counsel was invalid; (3) his criminal-history score was miscalculated; and (4) he was denied jail credit. We affirm.

## FACTS

On July 15, 2012, appellant Derrick Jacqueay Roberson was in custody and assaulted another inmate. He was charged with third-degree assault—infliction of substantial bodily harm.

On August 3, Roberson requested a public defender. The district court noted that, historically, Roberson has refused to apply for a public defender. Roberson explained that he wanted a public defender because his advisory counsel on other files was ineffective. The district court appointed a public defender.

On August 27, Roberson discharged the public defender and asserted his right to self-representation. The public defender stated: "[I]f [Roberson] removes me, he is effectively removing the entire public defender system." Roberson agreed, stating: "That's what I did. I removed all the public defenders." The district court informed Roberson that if he discharged the public defender he may not be able to have another appointed.

Because the district court was concerned as to whether Roberson was fully advised of his right to counsel and self-representation, it appointed a public defender solely to advise Roberson regarding his waiver of counsel. The district court then held a hearing on September 12 to ensure that Roberson's waiver of counsel was voluntary and intelligent.

2

The public defender stated that she consulted with Roberson, and he wished to waive his right to counsel. Because Roberson refused to fill out the petition to proceed pro se, claiming that his name is not Roberson and that he is to be referred to as Prince Ja Quay El, the district court stated that it would clarify Roberson's waiver on the record. The district court explained to Roberson, among other things: (1) the nature of the charges; (2) the possible penalties; (3) that he could avail himself to defenses; (4) that mitigating circumstances may exist; (5) the advantages, disadvantages, duties, and obligations of self-representation; (6) that the state may introduce evidence it believes supports a conviction; (7) that he has a right to a pretrial hearing and a court trial or jury trial; (8) that he is responsible for conducting all phases of the trial, including filing motions, jury selection, cross-examination of witnesses, and opening and closing arguments; and (9) that he is entitled to subpoena witnesses and could petition for investigative and expert services.

The district court also informed Roberson that he had the right to advisory counsel. Roberson stated that he wanted to represent himself and requested advisory counsel. The district court found that Roberson voluntarily and intelligently waived his right to counsel and appointed advisory counsel, stating: "[Y]ou have the right to determine when and how you use advisory counsel, and decisions about how you use advisory counsel may affect a later request to allow advisory counsel to assume full representation." The district court further stated that advisory counsel was appointed due to concerns about delays, potential disruption by Roberson, or the complexity and length of the trial. The district court informed Roberson that advisory counsel "will assume a

3

full representation" if he became disruptive, his conduct constituted a waiver of the right of self-representation, or he requested advisory counsel to take over representation.

On Friday, March 1, 2013, Roberson appeared for a settlement conference; his trial was scheduled for the following Monday. Roberson claimed that he could not proceed because his advisory counsel was ineffective. He requested appointment of advisory counsel from outside the district. He also stated that he planned to retain an attorney or reapply for a public defender. The district court instructed Roberson to appear on Monday with the attorney he wished to retain to discuss scheduling.

On Monday, March 4, Roberson requested a continuance. Roberson again stated that he believed advisory counsel was ineffective and requested reappointment of the public defender. The district court continued the matter to the next day to consider whether Roberson was entitled to relinquish his right to self-representation and have a public defender reappointed.

On March 5, Roberson stated that he wanted advisory counsel to assume representation. The district court asked Roberson if he requested his advisory counsel to take over the case. Advisory counsel stated that Roberson never asked him to assume representation. Roberson asserted that he had been advised that he could request at any time to have advisory counsel assume representation. The district court stated: "The law does not provide for advisory counsel to switch from being advisory counsel to being your attorney."

The district court found that Roberson's request for a continuance was not timely, stating that there "has been delay after delay after delay while [Roberson] [has] gone one

4

way and the other. And on the day of trial [he] now want[s] another continuance." The district court also found that advisory counsel was not prepared to assume representation because Roberson had been representing himself through the proceedings and asked for limited assistance. Based on the district court's review of Roberson's file, it also found Roberson "somewhat manipulative" of the system. The district court denied Roberson's request to have advisory counsel assume representation.

The district court also denied Roberson's request to reappoint the public defender based on the public defender's position and the length of a continuance. The lead attorney from the public defender's office stated that the policy is that once it is discharged, it would ask the district court not to reappoint. He also stated that if the court reappointed the public defender's office, Roberson's original public defender would be reassigned.

Public defenders in the courtroom agreed that if the matter were reassigned to the public defender, counsel would not be ready for trial within two weeks. It was noted that Roberson's original public defender was part-time and in the middle of another matter. Additionally, the district court noted that if continued, the matter could not be assigned to the next trial block because Roberson had removed one judge and another judge recused. The district court surmised that the matter would be continued out over two months.

That afternoon, Roberson waived his right to a jury trial. Roberson's advisory counsel remained in that position. The district court found Roberson guilty of third-degree assault. Roberson, who was incarcerated in Illinois, returned to Minnesota following release from the Illinois Department of Corrections.

5

The district court sentenced Roberson to 24 months in prison, and gave him 143 days of jail credit.[1] Roberson's presumptive sentence with five criminal-history points and a severity-level-four offense was 27 months in prison, with a range between 23 and 32 months. Roberson thereafter moved to correct his sentence, arguing that his criminal-history score was miscalculated and that he did not receive all of his jail credit. The district court denied Roberson's motion. This appeal follows.

## D E C I S I O N

### Right to rescind self-representation

Roberson first argues that the district court denied him his right to counsel when it denied his request for advisory counsel to assume representation or reappointment of a public defender. This court reviews a district court's denial of a defendant's request to relinquish self-representation and appointment of counsel for an abuse of discretion. *State v. Richards*, 552 N.W.2d 197, 206-07 (Minn. 1996).

#### Advisory counsel

Roberson claims that he is entitled to reversal because the district court misinterpreted rule 5.04.

> (1) If the court appoints advisory counsel because of concerns about fairness of the process, the court must state that on the record. The court must advise the defendant and advisory counsel on the record that the defendant retains the right to decide when and how to use advisory counsel, and that decisions about the use of advisory counsel may affect a later request by the defendant to allow . . . advisory counsel to assume full representation.

---

[1] The district court later corrected this to 145 days of jail credit.

(2) If the court appoints advisory counsel because of concerns about delays in completing the trial, the potential disruption by the defendant, or the complexity or length of the trial, the court must state that on the record.

The court must then advise the defendant and advisory counsel on the record that advisory counsel will assume full representation of the defendant if the defendant:
     (a) becomes so disruptive during the proceedings that the defendant's conduct is determined to constitute a waiver of the right of self representation; or
     (b) requests advisory counsel to take over representation during the proceeding.

Minn. R. Crim. P. 5.04, subd. 2(1)-(2). When Roberson requested that advisory counsel assume full representation, the district court stated: "The law does not provide for advisory counsel to switch from being advisory counsel to being your attorney."

Rule 5.04 contemplates advisory counsel assuming full representation. But Roberson incorrectly asserts that the district court's denial of his request to have advisory counsel assume full representation was reversible error because there is no absolute right to relinquish self-representation and have advisory counsel assume full representation. *Richards*, 552 N.W.2d at 206.

The rule states that advisory counsel will assume full representation when the defendant "requests advisory counsel to take over representation during the proceeding." Minn. R. Crim. P. 5.04, subd. 2(2)(b). But Roberson never made the request to his advisory counsel; rather, he made repeated requests to the district court to have other counsel appointed and then for advisory counsel to assume representation when advisory counsel was not aware of the request. This may seem like splitting hairs, but because the request was not made to advisory counsel, advisory counsel was not prepared to assume

7

full representation. The district court also must advise the defendant that "decisions about the use of advisory counsel may affect a later request by the defendant to allow . . . advisory counsel to assume full representation." *Id.*, subd. 2(1). Roberson represented himself throughout the proceedings and sought limited assistance from advisory counsel. Because Roberson chose to seek only meager assistance from advisory counsel, this appropriately, as contemplated by the rule, affected Roberson's request to allow advisory counsel to assume full representation.

There are "[t]wo main reasons . . . for appointing advisory counsel . . . (1) the fairness of a criminal process . . . and (2) the disruption of the criminal process before its completion caused by the removal of an unruly defendant or a request for counsel during a long or complicated trial." Minn. R. Crim. P. 5.04 cmt. The district court appointed advisory counsel, in part, because of a possible disruption by Roberson. Roberson was uncooperative,[2] disrespectful,[3] and argumentative.[4] The rule contemplates that advisory counsel assume representation following a disruption and the pro se defendant's removal from the courtroom. *Id.* Roberson was never removed from the courtroom.

---

[2] Roberson refused to sign the petition to proceed pro se because he claimed that his name was not Roberson.
[3] When the district court refused to recognize anything other than Roberson's legal name, Roberson responded, "I don't recognize you."
[4] When Roberson discharged the public defender, he stated: "They can't represent me. I am not a corporation. I am not a creature. I am a man. I am a man with a nationality[.] . . . .
And I have the right to defend myself. I am not representing myself. I am myself. I do not want any more help or services from the public defender. I am not a corporate person. I hereby disclaim. . . . I am back. I am competent. I am myself."

8

Additionally, even if the district court appointed advisory counsel due to concerns regarding the length or complexity of a trial, the rule intends for advisory counsel to assume representation following a defendant's request "during a long or complicated trial." *Id.* The trial had not begun when Roberson made his request; thus, the length of the trial or its complexity did not overwhelm Roberson to a point where he needed the assistance of advisory counsel. Moreover, Roberson conceded that it was a "straightforward" case that was "not particularly complicated," and took "less than one working day to complete." Because of the circumstances here, the district court was not mandated under rule 5.04 to appoint advisory counsel to assume representation based on Roberson's request.

Contrary to Roberson's assertion that the district court was required to appoint advisory counsel to full representation based on his request, a "defendant shall not be permitted to request substitution of standby counsel unless, in the [district] court's discretion, his request is timely and reasonable and reflects extraordinary circumstances." *Richards*, 552 N.W.2d at 206 (quotation omitted). The defendant in *Richards* claimed that he was too ill to represent himself after "over six weeks of jury selection," and moved the district court to relinquish his right to self-representation and appoint his standby counsel. *Id.* at 202. Standby counsel opposed the request due to unfamiliarity with the evidence and suspicion that Richards was seeking a mistrial. *Id.* The supreme court determined that the district court did not abuse its discretion in denying Richards's motion, noting that it properly "balanced [the] motion against the progress of the trial to

9

date, the readiness of standby counsel to proceed, and the possible disruption of the proceedings." *Id.* at 206-07.

Roberson argues that his request was timely because he made it before jury selection. The district court, however, determined that Roberson's request was not timely. Despite the request being made before jury selection, the district court noted that there had been "delay after delay after delay while [Roberson] [has] gone one way and the other. And on the day of trial [he] now want[s] another continuance." Indeed, Roberson asserted his right to self-representation in August 2012, and did not request to rescind that right until over six months later, on the day trial was to begin.

Roberson argues that his request was reasonable because he requested the appointment of his advisory counsel and did not request the appointment of a different attorney. But Roberson complained on more than one occasion that his advisory counsel was ineffective and sought the appointment of advisory counsel from outside the district. The district court also determined that Roberson's request was not reasonable because advisory counsel was not prepared to assume full representation because Roberson had been representing himself through the proceedings and asked for limited assistance. Finally, the district court did not find Roberson's request reasonable because his history demonstrated that he was "somewhat manipulative" of the system.

Roberson argues that extraordinary circumstances supported his request because he had another trial scheduled for the same day and there was a lack of continuity in the proceedings because of the involvement of several district court judges. Roberson conceded that this case was "straightforward"; thus, any concern that he was not prepared

10

for his other trial is a scheduling issue, which the district court offered to address. And the "lack of continuity" was due to Roberson because he removed one judge and another had to recuse. Additionally, Roberson represented himself previously and expressed familiarity with the system. He claimed that his "great choice" in discharging the public defender in a previous case led to a dismissal. Based on a balancing of the factors and consideration of the circumstances in this matter, the district court did not abuse its discretion by denying Roberson's request to relinquish self-representation and have advisory counsel assume full representation.

### Public defender

Roberson also argues that he was entitled to relinquish self-representation and have a public defender reassigned. In denying Roberson's request, the district court considered the public defender's position. The lead attorney from the public defender's office asked that it not be reappointed. The district court also considered the length of a continuance. The matter would be continued out two weeks at a minimum because the public defender had to familiarize himself with the case and due to the fact that he was a part-time public defender, in the middle of another matter. The district court also noted that it would be continued out over two months based on its calendar and the fact that one judge was removed and another recused. The district court did not abuse its discretion by denying Roberson's request to relinquish self-representation and have a public defender reappointed.

*Waiver*

Roberson next argues that his waiver of counsel was invalid. A valid waiver of counsel must be knowing, voluntary, and intelligent. *State v. Camacho*, 561 N.W.2d 160, 171 (Minn. 1997). This court reviews the district court's finding that a defendant knowingly, voluntarily, and intelligently waived the right to counsel for clear error. *Id.* at 173.

Whether a waiver of a constitutional right is valid depends on the facts and circumstances of the case, including the background, experience, and conduct of the accused. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938); *State v. Worthy*, 583 N.W.2d 270, 275-76 (Minn. 1998). To ensure that a waiver of counsel is knowing, voluntary, and intelligent, district courts "should comprehensively examine the defendant regarding the defendant's comprehension of the charges, the possible punishments, mitigating circumstances, and any other facts relevant to the defendant's understanding of the consequences of the waiver." *Camacho*, 561 N.W.2d at 173.

Roberson argues that his waiver was invalid because it was based on two district court judges assuring him that he could at any time request advisory counsel to assume full representation. The record does not support Roberson's argument.

At the hearing on August 27, Roberson discharged the public defender and asserted his right to self-representation. To ensure that Roberson was fully advised of his rights, the district court appointed a public defender to advise Roberson regarding his waiver of counsel. At the follow-up hearing on September 12, the public defender stated that Roberson wanted to waive his right to counsel. Because Roberson refused to fill out

12

the petition to proceed pro se, the district court thoroughly examined Roberson on the record regarding his understanding of the waiver, as required by Minn. R. Crim. P. 5.04, subd. 1(4). The district court asked Roberson if he wanted to represent himself. Roberson replied that he wanted to represent himself. The district court then found that Roberson voluntarily and intelligently waived his right to counsel and appointed advisory counsel.

Following the waiver and appointment of advisory counsel, the district court stated that advisory counsel "will assume a full representation" if Roberson became disruptive or requested advisory counsel to take over representation. At a bail hearing on October 2, a different district court judge likewise noted that Roberson had appointed advisory counsel who "will be required to assume full representation" if Roberson became disruptive or requested advisory counsel to take over representation.

The district court ensured that Roberson's waiver was knowing, voluntary, and intelligent by exhaustively examining Roberson's understanding of the consequences of the waiver. *See id.* Moreover, Roberson's waiver did not result from district court judges "explicitly advis[ing]" him that advisory counsel would take over representation if he requested because he waived his right to counsel *before* he was told that advisory counsel could assume representation. Roberson's waiver of counsel was valid.

### Pro se arguments

#### Criminal-history score

In July 1999, Roberson pleaded guilty to felony terroristic threats, and his sentence was stayed for five years. Roberson's criminal-history score includes one point for this

13

offense.  He argues that a point should not be assigned for this offense because the order discharging him from probation stated that this offense will be deemed a misdemeanor.

This court reviews a district court's determination of a defendant's criminal-history score for an abuse of discretion.  *State v. Stillday*, 646 N.W.2d 557, 561 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002).  But the interpretation of the Minnesota Sentencing Guidelines is a question of law reviewed de novo.  *State v. Maurstad*, 733 N.W.2d 141, 148 (Minn. 2007).  We adhere to the plain and unambiguous language of the sentencing guidelines and accompanying commentary during our interpretation.  *State v. Mondry*, 682 N.W.2d 183, 184 (Minn. App. 2004).

A felony conviction is deemed a misdemeanor when "the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence."  Minn. Stat. § 609.13, subd. 1(2) (2012).  But if a prior felony conviction resulted in a stayed sentence, the conviction should be treated as a felony for purposes of calculating a criminal-history score.  Minn. Sent. Guidelines 2.B.1, cmt. 2.B.101 (2012); *State v. Campbell*, 814 N.W.2d 1, 7 (Minn. 2012).

In *Campbell*, the appellant similarly argued that the district court erred in calculating his criminal-history score by including one point for a felony conviction for which he received a stay of imposition and a sentence within the gross-misdemeanor range.  814 N.W.2d at 6.  The supreme court stated that even though the prior felony conviction resulted in a stay of imposition, it is treated as a felony for purposes of calculating a criminal-history score.  *Id.* at 7.  The supreme court explained that a prior felony conviction may be treated as a gross misdemeanor for purposes of calculating a

criminal-history score only when a sentence was actually imposed on the prior conviction and, "[b]y definition, when a court stays imposition of sentence it imposes no sentence." *Id.*

Accordingly, Roberson's prior felony conviction, which resulted in a stay of imposition, was properly treated as a felony for purposes of calculating his criminal-history score. The district court did not miscalculate Roberson's criminal-history score by including a point for his 1999 felony terroristic-threats conviction.

### Jail credit

Finally, Roberson argues that he should have received jail credit for time spent incarcerated in Illinois. "The decision whether to award credit is a mixed question of fact and law." *State v. Clarkin*, 817 N.W.2d 678, 687 (Minn. 2012) (quotation omitted). We review the district court's factual findings under the clearly erroneous standard and then apply the rules of law to those circumstances under the de novo standard. *Id.*

The decision to grant credit is not discretionary with the district court. *State v. Doyle*, 386 N.W.2d 352, 354 (Minn. App. 1986). "When pronouncing sentence the court must . . . [s]tate the number of days spent in custody in connection with the offense or behavioral incident being sentenced. That credit must be deducted from the sentence and term of imprisonment . . . ." Minn. R. Crim. P. 27.03, subd. 4(B). "A defendant bears the burden of establishing that he/she is entitled to jail credit." *State v. Garcia*, 683 N.W.2d 294, 297 (Minn. 2004).

In *State v. Willis*, the supreme court stated that "credit should be given for time spent in jail in another state *solely in connection* with the offense of sentencing." 376

N.W.2d 427, 428 (Minn. 1985) (emphasis added).  The supreme court relied on *State v. Brown*, in which it stated, "Of course, if part of the time [the] defendant spent in jail in Illinois was in connection with an Illinois charge, he would not be entitled to a credit for that time."  *Id.* at 428–29 (quotation omitted); *see State v. Bentley*, 329 N.W.2d 39, 40 (Minn. 1983) (stating that a defendant receives no jail credit for time spent in prison in another state before being paroled to and jailed in Minnesota for Minnesota charges); *State v. Mavis*, 405 N.W.2d 547, 549 (Minn. App. 1987) (sustaining district court ruling that jail credit is allowed for time spent in another state only when the Minnesota offense was the "sole reason" for incarceration in the foreign jurisdiction), *rev'd on other grounds*, 409 N.W.2d 853 (Minn. 1987); *State v. Parr*, 414 N.W.2d 776, 779 (Minn. App. 1987) (stating that a defendant incarcerated in another jurisdiction for an offense committed in that jurisdiction is not entitled to jail credit in Minnesota for the out-of-state offense), *review denied* (Minn. Jan. 15, 1988).

Roberson was incarcerated in Illinois for aggravated battery of a peace officer in Illinois.  The time Roberson spent incarcerated in Illinois was wholly unrelated to the Minnesota offense.  The district court correctly determined that Roberson was not entitled to jail credit for time served in Illinois.

**Affirmed.**