Keith Ellison, Attorney General, St. Paul, Minnesota; and Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)
Charles F. Clippert, St. Paul, Minnesota (for appellant)
Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Smith, Tracy M., Judge.
HALBROOKS, Judge *659 Appellant challenges the denial of his motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, arguing that his sentence is based on an incorrect criminal-history score. Because the district court properly exercised its discretion by including an out-of-state conviction when calculating appellant's criminal-history score, we affirm.
FACTS
On April 18, 2013, appellant Justin Kenyatta Watson, Stephen Moore, and Michael Jarmon traveled to an apartment in Shakopee to rob an individual of marijuana. Jarmon brought a handgun. When they entered the apartment, Jarmon pointed the handgun at the individuals inside, and Moore ordered them to lie down. Moore then located the marijuana, and Watson took a wallet from M.P., one of the occupants of the apartment. As they fled the apartment, Jarmon fired several gunshots. One of the shots struck and killed M.P.
Respondent State of Minnesota charged Watson with second-degree murder, first-degree aggravated robbery, and two counts of second-degree assault. On July 12, 2013, Watson pleaded guilty to aiding and abetting second-degree unintentional murder. The district court sentenced Watson to 216 months in prison. On February 20, 2018, Watson moved to correct his sentence, arguing that his sentence is based on an incorrect criminal-history score. The district court denied the motion. This appeal follows.
ISSUE
Did the district court abuse its discretion in calculating Watson's criminal-history score?
ANALYSIS
A court may correct a sentence that is not authorized by law at any time. Minn. R. Crim. P. 27.03, subd. 9. A sentence that is based on an incorrect criminal-history score is not authorized by law. State v. Maurstad , 733 N.W.2d 141, 147 (Minn. 2007). When a defendant files a motion to correct his sentence after the time for direct appeal has passed, the defendant bears the burden of establishing that his sentence is based on an incorrect criminal-history score. Williams v. State , 910 N.W.2d 736, 743 (Minn. 2018). On appeal from the denial of a motion under Minn. R. Crim. P. 27.03, subd. 9, we review whether the district court properly exercised its discretion and whether the sentence is authorized by law. Anderson v. State , 794 N.W.2d 137, 139 (Minn. App. 2011), review denied (Minn. Apr. 27, 2011).
The district court may assign a defendant criminal-history points for prior felony convictions. Minn. Sent. Guidelines 2.B.1 (2014). An out-of-state conviction is considered a felony if the offense would be defined as a felony in Minnesota and the defendant received a felony-level sentence, including the equivalent of a stay of imposition. Minn. Sent. Guidelines 2.B.5.b. (2014). A stay of imposition of a felony *660 sentence results in felony criminal-history points regardless of the period of probation that the defendant receives. State v. Campbell , 814 N.W.2d 1, 7 (Minn. 2012).
The district court assigned Watson one-half of a criminal-history point based on a prior Illinois conviction for possession of 1.7 grams of cocaine. The district court correctly determined that the offense would be a felony under Minnesota law. See Minn. Stat. § 152.025, subd. 2(1) (2014) (defining fifth-degree controlled-substance crime and establishing a maximum sentence of five years in prison); see also Minn. Stat. § 609.02, subd. 2 (2014) (defining "felony" as "a crime for which a sentence of imprisonment for more than one year may be imposed"). The district court further determined that Watson's Illinois sentence of 24 months of probation is functionally equivalent to a stay of imposition and therefore could be considered a felony sentence under Campbell . 814 N.W.2d at 7.
Watson argues that the district court abused its discretion in determining that the sentence he received is the equivalent of a stay of imposition of a felony sentence. He argues that the term "stay of imposition" is a term of art and that because the sentencing order from Illinois "did not specify Watson was granted a stay of imposition of sentence, it was an error for the district court to find that Watson was granted a stay of imposition of sentence." The plain language of the sentencing guidelines undercuts this argument. The guidelines provide that a defendant may be assigned a criminal-history point if he receives a felony-level sentence, which "includes the equivalent of a stay of imposition." Minn. Sent. Guidelines 2.B.5.b. Thus, the fact that the Illinois court did not explicitly state that Watson was receiving a stay of imposition is not determinative. Rather, we must determine if the sentence that he received is the equivalent of a stay of imposition for a felony sentence.
In State v. C.P.H. , we described the characteristics of a stay of imposition of sentence. 707 N.W.2d 699, 702 (Minn. App. 2006). We observed that "[b]y staying the imposition of the sentence, the district court reserves the right, in the event the defendant does not meet certain conditions, to vacate the stay and impose a sentence." Id. Watson was sentenced in Illinois to probation for a term of 24 months. The sentencing order states that "failure to follow the conditions of this sentence or probation could result in a new sentence up to the maximum penalty for the offense which is before this Court." Watson argues that his sentence is distinguishable from a stay of imposition because the Illinois court did not pronounce a sentence. But the supreme court has acknowledged that "[b]y definition, when a court stays imposition of sentence it imposes no sentence." Campbell , 814 N.W.2d at 7.
On this record, the district court did not abuse its discretion in assigning Watson one-half of a criminal-history point for his Illinois conviction. The district court in Illinois sentenced Watson to a probationary term but reserved the right to revoke probation and impose a sentence of up to three years in prison. This is the equivalent of a stay of imposition for a felony sentence.
DECISION
The district court did not abuse its discretion in determining that Watson received a felony-level sentence for his Illinois conviction. Watson's sentence is therefore based on the correct criminal-history score and is authorized by law.
Affirmed.