CHUTICH, Justice.
*10 In July 2017, appellant Melvin Bilbro filed a motion to correct his criminal sentences under Rule 27.03, subdivision 9, of the Minnesota Rules of Criminal Procedure. He contended, in part, that his consecutive sentences were unauthorized by law. Relying on State v. Coles , 862 N.W.2d 477 (Minn. 2015), the district court construed Bilbro's motion as a petition for postconviction relief, which it denied as untimely without holding a hearing. The court of appeals reversed the district court's determination that Bilbro's motion must be construed as a postconviction petition, but it affirmed the consecutive sentences. See Bilbro v. State , No. A17-1566, 2018 WL 3340453 (Minn. App. July 9, 2018). We granted Bilbro's petition for review.
In an order filed after oral argument, we reversed the decision of the court of appeals, remanded the case to the district court for imposition of concurrent sentences, and retained jurisdiction solely for the purpose of filing this opinion. Bilbro v. State , 920 N.W.2d 836, 836-37 (Minn. 2018). On December 12, 2018, the district court entered an order modifying Bilbro's sentences to run concurrently and vacating his 10-year conditional release period.
Bilbro's appeal here presents two questions. The first is whether under Rule 29.04, subdivision 6, of the Minnesota Rules of Criminal Procedure, the State may assert, without seeking review, that the court of appeals erroneously reversed the district court's determination that construed Bilbro's motion as a postconviction petition. The second is whether Bilbro's consecutive sentences were unauthorized by law.
On the first question, we conclude that Rule 29.04, subdivision 6, does not allow the State to argue for a position that would "expand the relief that has been granted to the party." Minn. R. Crim. P. 29.04, subd. 6. Consequently, the State was required to raise the postconviction-petition claim in a cross-petition for review, rather than in its responsive brief.
Concerning the second question, we conclude that Bilbro's consecutive sentences were not authorized by law because they were an upward departure from the presumptive sentence under the applicable *11 version of the guidelines, Minn. Sent. Guidelines II.F (2007), and the district court failed to give any reason justifying the departure. Because the court of appeals erred when it concluded that Bilbro's consecutive sentences were authorized by law, we reverse the decision of the court of appeals and remand to the district court for resentencing.
FACTS
In May 2008, Bilbro pleaded guilty to attempted second-degree murder and second-degree criminal sexual conduct. See Minn. Stat. §§ 609.17, .19 (2018) (attempted second degree murder); Minn. Stat. § 609.343, subd. 1(a) (2018) (second-degree criminal sexual conduct). In a plea agreement, the State agreed to dismiss two additional charges and not to request a trial on facts related to an enhanced sentence. The parties did not agree as to Bilbro's sentence.
At the plea hearing, Bilbro admitted that in the early morning of February 6, 2008, he stabbed his then-girlfriend in the forehead, causing her permanent blindness in one eye. He admitted that he acted intentionally and that his acts were substantial acts that could have caused his girlfriend to die. Finally, he admitted to having sexual contact with his girlfriend's 11-year-old daughter that same morning.
The district court accepted Bilbro's guilty plea and convicted him of both offenses. At the sentencing hearing, Bilbro asked that his sentences run concurrently. The district court imposed Bilbro's sentences consecutively, however. For the attempted second-degree murder conviction, Bilbro received the presumptive guideline sentence of 163 months in prison. He received a presumptive guideline sentence of 36 months in prison for the criminal-sexual-conduct conviction. The court also imposed a 10-year term of conditional release on both sentences.
In July 2017, Bilbro filed a motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. Bilbro argued that, under the Minnesota Sentencing Guidelines in effect when he committed his offenses, consecutive sentences were an unlawful upward departure and that the conditional-release term included as part of his attempted second-degree murder sentence was not authorized by law. Relying on Coles , 862 N.W.2d at 480, the district court determined that Bilbro's motion must be construed as a petition for postconviction relief because it attacked a sentence that was imposed as part of a negotiated plea agreement. The court then summarily dismissed the petition as untimely under the 2-year postconviction statute of limitations, Minn. Stat. § 590.01, subd. 4 (2018).
The court of appeals affirmed in part, reversed in part, and remanded. Bilbro , 2018 WL 3340453, at *3-4. Specifically, the court of appeals reversed the district court's determination that Bilbro's motion must be construed as a postconviction petition, concluding that the motion did not challenge the substance of the plea agreement. Id. at *2. Then, turning to the merits of Bilbro's motion, the court of appeals held that the 10-year conditional-release term included as part of his sentence for attempted second-degree murder was not authorized by law and must be vacated on remand. Id. at *3. Finally, the court acknowledged "that attempted second-degree murder was not listed as an offense eligible for permissive consecutive sentences" under the applicable guidelines, but it held that State v. Richardson gave the district court " 'broad discretion' " to impose consecutive sentences for " 'multiple felonies with multiple victims[.]' " Id.
*12 (quoting 670 N.W.2d 267, 284 (Minn. 2003) ).
Bilbro petitioned for review solely on the issue of whether his consecutive sentences were an unlawful upward departure, which we granted. The State did not file a cross-petition for review. During the briefing, Bilbro moved to strike the State's brief, in whole or in part, claiming that portions of the State's arguments were procedurally barred because they addressed issues that were not contained in his petition for review and the State had not filed a cross-petition for review. Following oral argument, we granted the motion to strike. Bilbro , 920 N.W.2d at 836.
ANALYSIS
I.
We first consider Bilbro's claim that the State failed to preserve its argument that the court of appeals erroneously reversed the district court's determination construing Bilbro's motion as a petition for postconviction relief. Bilbro contends that the rules of criminal procedure do not allow the State to raise the postconviction argument in its brief because the State did not seek, and we did not grant, review of this issue. The State responds that Rule 29.04, subdivision 6, permits it to raise the postconviction argument even though it did not file a cross-petition.
In a criminal appeal in which discretionary review is sought, a respondent is not required to respond to a petition for review, and a decision to forego a response is not held against the respondent. Minn. R. Crim. P. 29.04, subd. 5 (stating that failure "to respond to the petition will not be considered agreement with it"). Moreover, we may "permit a party, without filing a cross-petition, to defend a decision or judgment on any ground that the law and record permit that would not expand the relief that has been granted to the party."[1] Minn. R. Crim. P. 29.04, subd. 6.
Under the specific facts of this case, we conclude that Rule 29.04, subdivision 6, does not allow the State to argue that the court of appeals erred when it reversed the district court's determination that Bilbro's motion must be construed as an untimely postconviction petition. The court of appeals considered and rejected the State's argument that under our decision in Coles , 862 N.W.2d at 481, Bilbro's motion for a corrected sentence had to be construed as a petition for postconviction relief, and accordingly, was time-barred. Bilbro , 2018 WL 3340453, at *2-3. The court of appeals reversed that part of the district court's decision and remanded the case for sentencing consistent with its opinion. Id. at *1 ("We affirm in part, reverse in part, and remand for sentencing consistent with this opinion.").
The State renews its Coles argument here and asks us to reinstate the district court's dismissal of Bilbro's motion as time-barred under the postconviction statute. Minn. Stat. § 590.01, subd. 4. Although this argument defends the district court's determination that Bilbro's motion was untimely, it does not defend the decision before us on this appeal: the court of *13 appeals' reversal of the determination made by the district court. The State's renewed Coles argument challenges the court of appeals' decision, and therefore the State's reliance on Rule 29.04, subdivision 6, is misplaced.
The State's Coles argument, if successful, would also impermissibly "expand the relief" that it received under the court of appeals' decision. Minn. R. Crim. P. 29.04, subd. 6 (stating that a party can defend on "any ground" supported by the law or the record "that would not expand the relief that has been granted to the party"). The court of appeals reversed the 10-year conditional-release period included as part of Bilbro's sentence for attempted second-degree murder, concluding that it was "unauthorized by law," and ordered the district court to vacate it on remand. Bilbro , 2018 WL 3340453, at *3. But if we considered and agreed with the State's Coles argument and concluded that all of Bilbro's claims are time-barred, he would potentially be foreclosed from receiving the relief that he was granted by the court of appeals on his conditional-release claim. Consequently, the State would receive greater relief than it was granted in the court of appeals, an outcome prohibited under Rule 29.04, subdivision 6.
Because the State's Coles argument does not defend the decision of the court of appeals, and if successful, would expand the relief that the State was granted under the court of appeals' decision, it may not be raised under Rule 29.04, subdivision 6. The State failed to raise its Coles argument in a cross-petition. Accordingly, we do not consider the argument here.[2] See State v. Hunn , 911 N.W.2d 816, 821 (Minn. 2018) (holding that an issue was forfeited in part because it was not raised in a petition for further review).
II.
Having resolved the threshold question, we consider Bilbro's claim that his consecutive sentences are not authorized by law based on the sentencing guidelines that apply to his offenses. The interpretation of the sentencing guidelines is a legal question that we review de novo. State v. Jones , 848 N.W.2d 528, 537 (Minn. 2014).
When the meaning of the sentencing guidelines is in question, we follow the usual principles of statutory interpretation. Id . If the language of the guidelines is unambiguous, that language controls. State v. Campbell , 814 N.W.2d 1, 4 (Minn. 2012). When evaluating for ambiguity, the guidelines are read "as a whole" and each section is interpreted "in light of the surrounding sections." State v. Kirby , 899 N.W.2d 485, 493 (Minn. 2017). Only if the language at issue is ambiguous may the court look to principles of statutory construction and legislative history. Id. at 492.
The August 1, 2007, sentencing guidelines ("2007 Guidelines") govern Bilbro's claim because those guidelines were in effect when he committed his offenses in February 2008. See Minn. Sent. Guidelines (2007); see also Kirby , 899 N.W.2d at 493 (noting that the guidelines in effect when the offense was committed govern (citing *14 Minn. Sent. Guidelines 2)). The 2007 Guidelines provide that when the defendant is convicted of "multiple current offenses ... concurrent sentencing is presumptive." Minn. Sent. Guidelines II.F (2007). But the 2007 Guidelines also spell out certain situations in which consecutive sentences are "presumptive," and other circumstances in which consecutive sentences are "permissive." Id. Notably, the "use of consecutive sentences in any other case constitutes a departure from the guidelines." Id. (emphasis added).
A court may deviate from a presumptive sentence. Minn. Sent. Guidelines II.D (2007). Doing so is considered a departure under the guidelines that must be accompanied by reasons that provide "identifiable, substantial, and compelling circumstances to support" the departure. Id. ; see State v. Blanche , 696 N.W.2d 351, 378-79 (Minn. 2005) (noting that a consecutive sentence that is given as a sentencing departure "requires substantial and compelling circumstances in the record" and that "the district court must provide written reasons which specify the substantial and compelling nature of the circumstances" (citation omitted) (internal quotation marks omitted)).
The 2007 Guidelines list seven categories of convictions that are eligible for permissive consecutive sentences, meaning that they "may be given without [a] departure."[3] Minn. Sent. Guidelines II.F.1-.7 (2007). Only the second category is relevant here. This category provides that "[m]ultiple current felony convictions for crimes on the list of offenses eligible for permissive consecutive sentences found in Section VI may be sentenced consecutively to each other."Id. at II.F.2. Section VI, in turn, lists second-degree criminal sexual conduct as an offense eligible for permissive consecutive sentencing, but it does not list attempted second-degree murder. See Minn. Sent. Guidelines VI (2007). Based on their plain language, sections II.F.2 and VI do not authorize permissive consecutive sentences because only one of Bilbro's two felony convictions is on the list of offenses eligible for permissive consecutive sentences.
Rather than argue that the plain language of the guidelines is ambiguous, the State urges us to read the Guidelines as authorizing Bilbro's consecutive sentences for two reasons. Neither argument is availing.
First, the State contends that omission of attempted second-degree murder from section VI was a drafting error and, if accepted, would lead to absurd results. The State asserts that later versions of the guidelines specifically include attempted second-degree murder and show that the offense's omission from the 2007 Guidelines was simply an oversight by the Minnesota Sentencing Guidelines Commission. See Minn. Sent. Guidelines VI (2009).[4]
Examination of the other crimes listed in section VI shows that omission of attempt crimes may well have been intentional. The 2007 Guidelines exclude all attempt crimes from section VI, except for attempted first-degree murder. Minn. Sent. Guidelines VI (2007). It is plausible that the Sentencing Commission made this choice to recognize that only the most *15 severe attempt crimes should be eligible for consecutive sentencing because "consecutive sentences are [a] particularly severe punishment." Campbell , 814 N.W.2d at 5-6.
Even if the State were correct, however, we do not consider legislative history or the canons of construction-such as the scrivener's error canon and the canon against absurdity invoked by the State here-unless it has been shown that the guidelines' language is ambiguous. See, e.g. , Kirby , 899 N.W.2d at 492. Given the clear language of the relevant guidelines provisions, the State does not attempt to demonstrate ambiguity. When language in the sentencing guidelines is not ambiguous, "[w]e will not supply words that the [Minnesota Sentencing Commission] either purposefully omitted or inadvertently left out." State v. Caldwell , 803 N.W.2d 373, 382 (Minn. 2011) ; see also State v. Carson , 902 N.W.2d 441, 446 (Minn. 2017) (concluding that an intoxicating chemical was not a "hazardous substance" under the driving-while-impaired statute even though this plain-language interpretation resulted in no criminal liability for "a driver dangerously intoxicated by [the particular chemical]").
Second, the State asserts that the 2007 Guidelines do not consider attempt crimes as separate offenses; rather, they are "sentence modifier[s]" under section II.G of the 2007 Guidelines. Under this interpretation, the State claims that Bilbro may be sentenced consecutively because the completed crime of second-degree murder appears on the section VI list.
The State cites no support for this understanding of section II.G, and we have never applied it this way. Section II.G simply provides that the presumptive duration of a sentence for an attempt crime is half the duration of the sentence for the completed crime. See Minn. Sent. Guidelines II.G. The presumptive length of Bilbro's sentence for attempted second-degree murder, however, does not affect the sentencing court's separate decision about whether that sentence should run concurrently or consecutively to his sentence for another crime, in this case, second-degree criminal sexual conduct. See Jones , 848 N.W.2d at 538 (stating that section II.F "governs the district court's decision regarding whether the sentences will be served concurrently or consecutively").[5]
In sum, because no ambiguity exists in the language of section II.F and section VI of the applicable 2007 Guidelines, we conclude that Bilbro's consecutive sentences were a departure from the guidelines. Because the sentences were a departure, they required written reasons that "specify the substantial and compelling nature of the circumstances, and which demonstrate why the sentence selected in the departure is more appropriate, reasonable, or equitable than the presumptive sentence." Blanche , 696 N.W.2d at 379 ; see also Minn. Sent. Guidelines II.D (2007) (stating that a departure must be accompanied by reasons that provide "identifiable, substantial, *16 and compelling circumstances to support" the departure).
Here, the record is devoid of reasons for departure. "If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed." Williams v. State , 361 N.W.2d 840, 844 (Minn. 1985). Because Bilbro's consecutive sentences were not supported by written reasons, his sentence was not authorized by law. Accordingly, the decision of the court of appeals on this issue must be reversed and the case remanded to the district court to impose concurrent sentences.
CONCLUSION
For the foregoing reasons, the decision by the court of appeals is reversed and this case is remanded to the district court for resentencing consistent with this opinion.
Reversed and remanded.
Dissenting, McKeig, J.

Here, the State filed a letter informing us that it "agree[d] with the Court of Appeals' analysis" and "oppose[s] the Petition and will respond if this Court so orders." By stating in its letter that it agreed with the court of appeals, the State may have led Bilbro to believe that it agreed with the court of appeals' reasoning that Bilbro could bring his claims in a motion to correct his sentence. Although "no response" letters are helpful and appropriate, parties filing such letters should exercise caution with the language used. A simple statement that the respondent will not be filing a response to the petition for review suffices.

The dissent argues that our decision in State v. Stanke , 764 N.W.2d 824, 827 (Minn. 2009) is controlling. Stanke , however, is distinguishable because it involved an argument by the State that would not expand relief. Id. ("Here, the State is defending against Stanke's challenge to the district court's judgment and is not seeking any additional relief.") This was so because the result in the court of appeals would remain unchanged if the State prevailed on its victim-vulnerability argument. As we have explained, the State's argument here would expand the relief that it won in the court of appeals. Accordingly, the argument is procedurally barred under Rule 29.04, subdivision 6.

Bilbro's offenses do not fit under any of the provisions for presumptive consecutive sentences. Minn. Sent. Guidelines II.F.

The following language was added to section VI in 2009: "Convictions for attempted offenses or conspiracies to commit offenses listed below are eligible for permissive consecutive sentences as well as convictions for completed offenses." Minn. Sent. Guidelines VI (2009). The current version of the guidelines contains the same language. See Minn. Sent. Guidelines 6.A.

Although the State does not argue this point, the court of appeals relied upon our decision in State v. Richardson , 670 N.W.2d 267, 284 (Minn. 2003) to conclude that Bilbro's consecutive sentences were authorized. Bilbro , 2018 WL 3340453, at *3. Richardson is inapplicable to Bilbro's case, however, because it turned upon a pre-2005 version of section II.F.2 that permitted consecutive sentences for "[m]ultiple current felony convictions for crimes against persons." Minn. Sent. Guidelines II.F.2 (2000). Because section II.F.2 was amended in 2005 to state that consecutive sentences were permissive for "[m]ultiple current felony convictions for crimes on the list of offenses eligible for permissive consecutive sentences found in Section VI," see Minn. Sent. Guidelines II.F.2 (2005), Richardson has no application to later versions of the guidelines that contain different language.