STATE OF MINNESOTA

IN SUPREME COURT

A15-0466

Court of Appeals                                                        Anderson, J.
                                                          Took no part, Chutich, J.

State of Minnesota,

            Respondent,

vs.                                                                Filed:  July 6, 2016
                                                          Office of Appellate Courts
Forrest Grant Noggle,

            Appellant.

_____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Paul J. Kiltinen, Dodge County Attorney, Gary ReMine, Assistant Dodge County Attorney, Mantorville, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant State Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

The plain language of Minn. Stat. § 609.3455, subd. 6 (2014), does not authorize the imposition of a 10-year conditional-release term for appellant's conviction of attempted third-degree criminal sexual conduct.

Reversed and remanded.

Considered and decided by the court without oral argument.

1

O P I N I O N

ANDERSON, Justice.

Appellant Forrest Grant Noggle was convicted of attempted third-degree criminal sexual conduct. Minn. Stat. § 609.17 (2014); *see* Minn. Stat. § 609.344, subd. 1(b) (2014). After Noggle violated the terms of his probation, the district court sentenced him to 18 months in prison and imposed a 10-year conditional-release term under Minn. Stat. § 609.3455, subd. 6 (2014). The sole issue on appeal is whether section 609.3455, subdivision 6, authorizes a 10-year conditional-release term for the crime of attempted third-degree criminal sexual conduct. We hold that it does not. Therefore, we reverse the decision of the court of appeals and remand to the district court with an instruction to vacate the 10-year conditional-release term.

I.

On May 10, 2007, Noggle initiated an online chat conversation with an adult police officer posing as a 14-year-old girl, "Jessica." Noggle stated that he wanted to engage in sexual activities with Jessica and then arranged to meet her. On his arrival at the agreed upon meeting place, police officers arrested Noggle. Noggle admitted that he believed "Jessica" was 14 years of age and that he discussed having sex with her while chatting with her online. Noggle pleaded guilty to attempted third-degree criminal sexual conduct. Minn. Stat. § 609.17; *see* Minn. Stat. § 609.344, subd. 1(b). The district court stayed adjudication of guilt and placed Noggle on probation.

In December 2008, after Noggle violated his probation conditions, the district court revoked the stay of adjudication but stayed the imposition of Noggle's sentence. In

January 2015, after Noggle again violated his probation conditions, the district court executed an 18-month prison sentence and imposed a 10-year conditional-release term. *See* Minn. Stat. § 609.3455, subd. 6. Noggle did not object to the district court's imposition of the 10-year conditional-release term.[1] After Noggle appealed, the court of appeals affirmed the imposition of the 10-year conditional release term. *State v. Noggle*, No. A15-0466, 2015 WL 4994693 (Minn. App. Aug. 24, 2015).[2] We granted Noggle's petition for review on the question of whether Minn. Stat. § 609.3455, subd. 6, authorizes a 10-year conditional-release term for Noggle's conviction of attempted third-degree criminal sexual conduct.[3]

## II.

The sole issue presented in this case is whether Minn. Stat. § 609.3455, subd. 6, authorizes a 10-year conditional-release term for the crime of attempted third-degree

---

[1] With respect to an allegedly illegal sentence of the type presented here, Noggle did not forfeit his claim by failing to object before the district court. *See State v. Maurstad*, 733 N.W.2d 141, 146-47 (Minn. 2007) ("[A] defendant may not waive sentencing issues in some contexts—for example, when a particular kind of sentencing error results in an illegal sentence." (citing Minn. R. Crim. P. 27.03, subd. 9)).

[2] The decision of the court of appeals also affirmed the district court's revocation of Noggle's probation. *Noggle*, 2015 WL 4994693, at *3. We do not address that issue because it was not raised by Noggle in his petition for review to our court. *State v. Koppi*, 798 N.W.2d 358, 366-67 (Minn. 2011).

[3] By order dated January 25, 2016, we scheduled this case for nonoral consideration because the State did not file a brief. *See* Minn. R. Crim. P. 29.04, subd. 9(2) (stating that "a party forfeits oral argument . . . for not timely filing its brief"); *see also* Minn. R. Civ. App. P. 142.03 ("If the respondent fails or neglects to serve and file its brief, the case shall be determined on the merits.").

criminal sexual conduct. Interpreting a sentencing statute is a question of law, which we review de novo. *See State v. Leathers*, 799 N.W.2d 606, 608 (Minn. 2011).

The Minnesota Legislature has the "exclusive authority to define crimes and offenses and the range of the sentences or punishments for their violation." Minn. Stat. § 609.095(a) (2014). Therefore, a district court may not impose any "other or different sentence or punishment . . . for the commission of a crime than is authorized" by statute. *Id.* A sentence that is unauthorized by law may be corrected "at any time." Minn. R. Crim. P. 27.03, subd. 9; *see, e.g.*, *State v. Schnagl*, 859 N.W.2d 297, 301-02 (Minn. 2015) (stating that Rule 27.03, subdivision 9, "provides for review of the legality of the district court's sentence" and that "[w]e have approved of the use of [that rule] to correct the conditional-release term of a previously imposed sentence" (emphasis omitted)).

Here, Noggle was convicted of attempted third-degree criminal sexual conduct. Attempt is defined in Minn. Stat. § 609.17, which provides as follows:

> **Subdivision 1. Crime defined.** Whoever, with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime, and may be punished as provided in subdivision 4.

Minn. Stat. § 609.17, subd. 1.

Under Minn. Stat. § 609.3455, subd. 6, a mandatory 10-year conditional-release term applies to a defendant's violation of any of five enumerated statutes, which define certain sex crimes. The statute defining attempt, Minn. Stat. § 609.17, subd. 1, is not one of the five enumerated statutes. Nor does the word "attempt" appear anywhere in subdivision 6. More specifically, subdivision 6 provides as follows:

4

> **Subd. 6.** **Mandatory ten-year conditional release term.** Notwithstanding the statutory maximum sentence otherwise applicable to the offense . . . when a court commits an offender to the custody of the commissioner of corrections *for a violation of section 609.342, 609.343, 609.344, 609.345, or 609.3453*, the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for ten years.

Minn. Stat. § 609.3455, subd. 6 (emphasis added).

The statute defining the offense that Noggle attempted—third-degree criminal sexual conduct, Minn. Stat. § 609.344—is enumerated in subdivision 6. But Noggle was never charged or convicted of the crime defined by section 609.344. Rather, Noggle was convicted only of the crime of *attempted* third-degree criminal sexual conduct. Thus, the question is whether Noggle's conviction of the crime of attempted third-degree criminal sexual conduct, *see* Minn. Stat. § 609.17, subd. 1, can be considered "a violation of" the statutory offense that Noggle attempted, *see* Minn. Stat. § 609.344, subd. 1(b).

## A.

The court of appeals affirmed the district court's imposition of a 10-year conditional-release term based on two rationales: (1) any conviction for an attempted crime is "a violation of both the attempt statute and the statute defining the underlying crime"; and (2) attempt is not a distinct crime but rather is merely a "sentence modifier." *Noggle*, 2015 WL 4994693 at *2.

First, the court of appeals reasoned that, "[b]ecause a defendant cannot be convicted of attempt without an underlying crime that was attempted, any conviction for an attempted crime is a violation of both the attempt statute and the statute defining the

5

underlying crime." *Noggle*, 2015 WL 4994693 at \*2. The court of appeals stated that "Minnesota courts routinely describe attempt crimes as violations of both the attempt statute . . . and the statute defining the crime attempted." *Id.* As authority, the court of appeals quoted *State v. Vang*, 847 N.W.2d 248, 255 (Minn. 2014) ("[A]ttempted first-degree felony murder (drive-by shooting), in violation of Minn. Stat. §§ 609.17 (2012), 609.185(a)(3) . . . ."). But the quoted language was merely an excerpt from a string citation in the statement of facts, which listed the allegations from the complaint. Moreover, the quoted language cannot be logically read to state that the *attempted* first-degree felony murder of the victim in *Vang* was a violation of the underlying statute defining first-degree felony murder, Minn. Stat. § 609.185(a)(3), because the victim did not die. Thus, because a necessary element of the underlying statute was not committed—namely, "caus[ing] the death of a human being," Minn. Stat. § 609.185(a)(3)—the defendant could not have "violated" that statute. Rather, the citation to section 609.185(a)(3) was provided as a cross-reference, i.e., to describe the offense that the defendant attempted to commit.

In several other cases, we have used language that may have unintentionally suggested that attempt convictions were "violations of" the statutes defining the offenses that were attempted. *See, e.g.*, *Ouk v. State*, 847 N.W.2d 698, 700 (Minn. 2014) (stating that appellant was found guilty of "two counts of attempted first-degree murder, in violation of Minn. Stat. § 609.05, Minn. Stat. § 609.17 (2012), and Minn. Stat. § 609.185(3)"); *State v. White*, 684 N.W.2d 500, 502 (Minn. 2004) (stating that appellant was convicted of "attempted first-degree premeditated murder of [the victim], in violation

6

of Minn. Stat. §§ 609.17, subd. 2 and 609.185(a)(1) (2002)"); *State v. Ronquist*, 600 N.W.2d 444, 445 (Minn. 1999) (stating that appellant was convicted of "attempted criminal sexual conduct in the first-degree in violation of Minn. Stat. § 609.342, subd. 1(e)(i) (1998) and Minn. Stat. § 609.17 (1998)"); *Dale v. State*, 535 N.W.2d 619, 621 (Minn. 1995) (stating that appellant was convicted of "attempted first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(e)(i) (1994) and Minn. Stat. § 609.17 (1994)"). But these statements were not made as part of any legal analyses or holdings. Rather, they were summaries of the convictions or charges against the defendants in those cases. And the above-quoted convictions did not "violate" the statute defining the offenses attempted—such a result would have been illogical because the necessary elements of the uncompleted offenses were only *attempted*. Rather, the statutory citations were provided as explanatory references, to connect the crime of attempt to the relevant uncompleted offenses. Regardless of any suggestions to the contrary gleaned from our prior cases, we now take this opportunity to clarify that a defendant's conviction solely for an attempt, Minn. Stat. § 609.17, is not a "violation" of the statute defining the offense attempted.

Second, the court of appeals reasoned that attempt is a " 'sentence modifier,' rather than a crime distinct from the attempted offense." *Noggle*, 2015 WL 4994693, at *2. We do not agree. The attempt statute and our case law treat an attempt as a crime rather than solely as a procedural sentence modifier. *See* Minn. Stat. § 609.17, subd. 1 ("*Crime defined.* Whoever, with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime is

7

*guilty of an attempt . . . .*" (emphasis added)). For example, in *State v. Olkon*, we described the "essential elements of the *crime of attempt*" and stated that "the crimes of conspiracy and attempt each require *distinct elements of proof* and are entirely *separate crimes*." 299 N.W.2d 89, 104 (Minn. 1980) (emphasis added).

To support its conclusion that attempt is merely a "sentence modifier" rather than a separate offense, the court of appeals relied on language in the Minnesota Sentencing Guidelines. *Noggle*, 2015 WL 4994693 at *2 ("The Minnesota Sentencing Guidelines refer to attempt as a 'sentence modifier,' rather than a crime distinct from the attempted offense." (citing Minn. Sent. Guidelines §§ 2.A.5; 2.G.l)). The guidelines refer to the offense of attempt as a "sentence modifier" because the presumptive sentence duration for attempt is one-half of that for the underlying offense. Minn. Stat. § 609.17, subd. 4; Minn. Sent. Guidelines §§ 2.A.5; 2.G.2.[4] But nowhere do the sentencing guidelines suggest that the label of "sentence modifier" means that an attempt is not an offense separate from the offense attempted. And more importantly, no Minnesota statute or precedent from our court has ever stated that attempt is a sentence modifier rather than a

---

[4] In Section 2.A.5, the guidelines state: "When the current offense includes a sentence modifier, such as attempt or conspiracy, the severity level is found by determining the severity level for the underlying offense."

In Section 2.G.2, the guidelines state: "When an offender is sentenced for an attempted offense under Minn. Stat. § 609.17 or for conspiracy to commit an offense under Minn. Stat. § 609.175, the presumptive duration is one-half of that found in the appropriate cell on the applicable Grid for the underlying offense."

8

separate offense.[5]  As discussed above, we have held that the crimes of attempt and conspiracy—both labeled as "sentence modifiers" in the sentencing guidelines—are "separate crimes" with "distinct elements." *Olkon*, 299 N.W.2d at 104.

It is nonetheless true that, as a matter of criminal-law theory, attempt is an inchoate crime that must be connected to an uncompleted substantive crime that was attempted.  This connection is necessary to determine whether a defendant took a "substantial step toward" committing the uncompleted crime, Minn. Stat. § 609.17, subd. 1, and to determine the presumptive sentence for an attempt conviction, *see* Minn. Stat. § 609.17, subd. 4; Minn. Sent. Guidelines § 2.G.2.  But this connection does not mean that an attempt is not a separate offense—and it does not mean that a conviction of attempt and a conviction of a completed substantive crime are one and the same.

### B.

In this case, the district court committed Noggle to the commissioner of corrections for attempted third-degree criminal sexual conduct.  But Noggle did not "violate" the statute defining the uncompleted offense, third-degree criminal sexual conduct, Minn. Stat. § 609.344, subd. 1(b), because he did not commit a necessary element of that statute—namely, he did not engage in sexual penetration.  (Nor was it possible for him to do so because "14-year-old Jessica" did not exist.)  The statute defining Noggle's crime of attempt, Minn. Stat. § 609.17, is not enumerated in Minn. Stat. § 609.3455, subd. 6.  Nor does any language appear in subdivision 6 that plainly

---

[5]     Indeed, no Minnesota statute or decision from our court has ever used the exact phrase "sentence modifier" in any context.

includes an attempt. Thus, the district court did not commit Noggle "to the custody of the commissioner of corrections for *a violation of* section 609.342, 609.343, 609.344, 609.345, or 609.3453," as required by Minn. Stat. § 609.3455, subd. 6. (Emphasis added.) Therefore, the district court's imposition of a 10-year conditional-release term was not authorized by subdivision 6.

In addition, Noggle persuasively argues that the Legislature's omission of attempts from subdivision 6 may be intentional. Other provisions of the same statute demonstrate that the Legislature was aware of, and understood how to include, attempts. *See* Minn. Stat. § 609.3455, subd. l(b) (defining the word "conviction" to include "a violation of, *or an attempt to violate*" the enumerated sex-crime statutes (emphasis added)); *id.*, subd. l(h) (defining "sex offense" to mean "any violation of, *or attempt to violate*" the enumerated sex-crime statutes (emphasis added)). These definitions indicate that the Legislature understood that the phrase "violation of [enumerated statutes]" does not include the crime of attempt without the added clause "*or attempt to violate*." If the Legislature had intended to include attempts in subdivision 6, it would have inserted the same "or attempt to violate" clause after the "violation of" clause, as it did elsewhere, or it would have used one of the defined terms that includes attempts. Subdivision 6 never uses the defined terms "conviction" or "sex offense," both of which include attempts and are used frequently in other subdivisions of the same statute.

Even if the omission of attempts in subdivision 6 were inadvertent or an oversight by the Legislature, we must apply the plain language of the statute, which does not authorize a 10-year conditional-release term for attempted crimes. Holding that such a

10

term is authorized would require us to read in additional language ("or attempt to violate") or an additional enumerated statute (Minn. Stat. § 609.17), which is forbidden by our rules of statutory construction. Minn. Stat. § 645.16 (2014) ("[T]he letter of the law shall not be disregarded . . . ."); *see Premier Bank v. Becker Dev., LLC*, 785 N.W.2d 753, 760 (Minn. 2010) ("[O]ur rules of construction 'forbid adding words or meaning to a statute' that are purposely omitted or inadvertently overlooked." (quoting *Genin v. 1996 Mercury Marquis*, 622 N.W.2d 114, 117 (Minn. 2001))). Applying subdivision 6 to attempts would require us to rewrite the statute to state, for example:

> Notwithstanding the statutory maximum sentence otherwise applicable to the offense . . . when a court commits an offender to the custody of the commissioner of corrections for a violation of*, or an attempt to violate,* section 609.342, 609.343, 609.344, 609.345, or 609.3453, the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for ten years.

Because we cannot read in additional language, but rather must apply the plain language of the statute as written, we hold that Minn. Stat. § 609.3455, subd. 6, does not authorize a 10-year conditional-release term for Noggle's conviction of attempted third-degree criminal sexual conduct. Therefore, the 10-year conditional-release term imposed by the district court was unauthorized by law and must be vacated. *See* Minn. Stat. § 609.095(a); Minn. R. Crim. P. 27.03, subd. 9.[6] For the above reasons, we reverse the

---

[6] Our holding is not precluded by *State v. Garcia*, 582 N.W.2d 879, 881 (Minn. 1998). In *Garcia*, we affirmed a 10-year conditional-release term for a defendant who was convicted of attempted first-degree criminal sexual conduct. But that term was imposed under a previous version of the statute at issue here. Minn. Stat. § 609.346, subd. 5 (1996), *repealed*, Act of Apr. 6, 1998, ch. 367, art. 6, § 16, 1998 Minn. Laws 666, 735. Moreover, the defendant in *Garcia* never argued that his conditional-release term

(Footnote continued on next page.)

11

decision of the court of appeals and remand to the district court with an instruction to vacate Noggle's 10-year conditional-release term.

Reversed and remanded.

CHUTICH, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

---

(Footnote continued from previous page.)
was unauthorized because it was an attempt. Rather, he argued only that amending his sentence to include a conditional-release term was precluded by due process and double jeopardy because his plea agreement did not include such a term. *Garcia*, 582 N.W.2d at 881. Because the illegal-sentencing argument here was not presented in *Garcia*, that decision is not controlling in this case.