**Spidel Wayne BROWDER,
petitioner, Appellant**

**v.**

**STATE of Minnesota, Respondent.**

A17-0088

Court of Appeals of Minnesota.

Filed June 12, 2017

Review Denied Aug. 22, 2017

Spidel Wayne Browder, Faribault, Minnesota (pro se appellant).

Lori Swanson, Attorney General, St. Paul, Minnesota; and Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent).

Considered and decided by Rodenberg, Presiding Judge; Ross, Judge; and John Smith, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

ROSS, Judge

The district court sentenced Spidel Browder to prison followed by a ten-year conditional-release term after a jury convicted him of aiding and abetting third-degree criminal sexual conduct for helping another man rape a barely conscious woman. Browder unsuccessfully moved the district court to correct his sentence, challenging the validity of the conditional-release term and the calculation of his criminal-history score. On appeal, he argues that the conditional-release statute does not authorize a ten-year conditional-release period for aiding and abetting someone else's criminal sexual conduct and that the Minnesota Sentencing Guidelines Commission's directive to assign felony points to statutorily-converted felonies violates the separation-of-powers doctrine. Because the plain language of the conditional-release statute mandates a ten-year post-prison conditional-release period for aiding and abetting criminal sexual conduct, and because Browder's criminal-history-score argument lacks merit, we affirm.

## FACTS

Passersby alerted police when they saw Spidel Browder propping up a partially stripped, severely intoxicated, essentially unconscious woman while another man sexually penetrated her limp body. A jury convicted Browder of aiding and abetting third-degree criminal sexual conduct. The district court sentenced him to 74 months in prison based on one criminal-history point for a prior felonious robbery. The court also imposed a ten-year conditional-release period under Minnesota Statutes section 609.3455, subdivision 6. Browder appealed his conviction, and we affirmed. *See State v. Browder*, No. A14-0595, 2015 WL 853446 (Minn. App. Mar. 2, 2015), *review denied* (Minn. May 19, 2015).

Browder soon filed two identical motions to correct his sentence. He asserted that no criminal-history point should have been assigned for his robbery conviction because the felony conviction reduced to a misdemeanor by operation of law after he completed his probationary sentence. The district court denied both motions, determining that Browder's criminal-history score was correct.

Browder filed another motion to correct his sentence in August 2016, again arguing that he should not have been assigned the criminal-history point. He added a separation-of-powers argument, maintaining that the sentencing guidelines commission lacks authority "to define a stay of imposition as a felony and assign a felony criminal history point for a conviction." He also argued that the ten-year conditional-release period cannot stand because he was convicted only of aiding and abetting third-degree criminal sexual conduct under Minnesota Statutes section 609.05 (2012), which, unlike third-degree criminal sexual conduct itself, is not enumerated as a qualifying offense in Minnesota Statutes 609.3455, subdivision 6. He based his argument on the supreme court's reasoning in *State v. Noggle*, 881 N.W.2d 545, 550–51 (Minn. 2016), which held that attempt crimes under Minnesota Statutes section 609.17 are not subject to the conditional-release statute.

The district court rejected Browder's arguments and denied his sentence-correction motion. Browder appeals.

## ISSUES

I. Does Minnesota Statutes section 609.3455, subdivision 6, authorize a ten-year conditional-release period for aiding and abetting third-degree criminal sexual conduct?

II. Does the separation-of-powers doctrine prohibit the Minnesota Sentencing Guidelines Commission from directing the district court to assign a criminal-history point for a felony conviction that was converted to a misdemeanor after the defendant successfully completed the period of his stayed sentence?

## ANALYSIS

■■■ Browder challenges the district court's denial of his sentence-correction motion. A district court may at any time correct a sentence that is unauthorized by law. Minn. R. Crim. P. 27.03, subd. 9. A sentence is unauthorized by law if it is contrary to law or applicable statutes. *Evans v. State*, 880 N.W.2d 357, 359 (Minn. 2016). We review a district court's denial of a sentence-correction motion for an abuse of discretion. *Id.* A district court abuses its discretion when it erroneously or illogically construes the law or the facts to reach its decision. *Nunn v. State*, 868 N.W.2d 230, 232 (Minn. 2015).

Browder makes two arguments that his sentence resulted from legal error. He argues that the conditional-release statute, by its terms, does not authorize a ten-year conditional-release period for an aiding-and-abetting crime. And he argues that his criminal-history score resulted from a sentencing guidelines commission enactment that exceeded the commission's authority in violation of the separation-of-powers doctrine. For the following reasons, both arguments fail.

### I

■■■ Browder argues that the conditional-release statute does not authorize his ten-year release period because the statute does not specifically enumerate aiding and abetting as a qualifying offense, as the legislature has done in other statutes.

Browder's argument requires us to interpret the statute, a task we undertake de novo. *See Noggle*, 881 N.W.2d at 547. The conditional-release statute enumerates five offenses for which an offender must receive a ten-year conditional-release period on his release from prison:

> [W]hen a court commits an offender to the custody of the commissioner of corrections for a violation of section 609.342, 609.343, 609.344, 609.345, or 609.3453, the court shall provide that, after the offender has completed the sentence imposed, the commissioner shall place the offender on conditional release for ten years.

Minn. Stat. § 609.3455, subd. 6. Browder argues that the statute does not authorize the ten-year term for his crime of aiding and abetting, which is not one of the five enumerated offenses.

Browder was convicted and sentenced for aiding and abetting third-degree criminal sexual conduct, an offense that invokes both the aiding-and-abetting statute, Minn. Stat. § 609.05, subd. 1, and the third-degree criminal-sexual-conduct statute, Minn. Stat. § 609.344, subd. 1(d). "A person is criminally liable for a crime committed by another if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime." Minn. Stat. § 609.05, subd. 1. "A person liable under [section 609.05] may be charged with and convicted of the crime" regardless of the principal actor's fate. *Id.*, subd. 4. "A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the third degree if ... the actor knows or has reason to know that the complainant is mentally impaired, mentally incapacitated, or physically helpless." Minn. Stat. § 609.344, subd. 1(d).

Browder stresses first that the aiding-and-abetting statute is not one of the enu-

merated qualifying offenses in the conditional-release statute. He emphasizes second that the conditional-release statute does not contain the language that the legislature has used elsewhere to include aiding-and-abetting crimes, such as the statute that requires predatory-offender registration for "a felony violation of or attempt to violate, or *aiding, abetting, or conspiracy to commit*" certain offenses. Minn. Stat. § 243.166, subd. 1b(a)(1) (2016) (emphasis added). These issues do not survive a plain statutory reading.

■ We resolve Browder's arguments by a straightforward reading of the controlling statute. "If a statute is susceptible to only one reasonable interpretation, we interpret the statute according to its plain meaning." *State v. Nodes*, 863 N.W.2d 77, 80 (Minn. 2015). We do not read words into a statute on the supposition that they have been inadvertently overlooked. *Noggle*, 881 N.W.2d at 550 (citing Minn. Stat. § 645.16 (2014); *Premier Bank v. Becker Dev., LLC*, 785 N.W.2d 753, 760 (Minn. 2010)).

■ The conditional-release statute applies to any offender who is imprisoned "for a violation of" the criminal-sexual-conduct statutes. *See* Minn. Stat. § 609.3455, subd. 6. These plain words render immaterial Browder's contention that he did not *himself* violate one of the enumerated sex-offense statutes; by its clear terms, the conditional-release statute is not limited to offenders imprisoned for *violating* the listed sex-misconduct statutes, but more generally reaches offenders imprisoned for *a violation of* any of those statutes. That is, the statute is triggered "when a court commits an offender to the custody of the commissioner of corrections *for a violation of* section 609.342, 609.343, 609.344, 609.345, or 609.3453." *Id.* (emphasis added). And Browder was, quite literally, "commit[ed] ... to the custody of the commissioner of corrections *for a violation*

*of* section ... 609.344." *See id.* Browder was imprisoned because he aided his companion, who in turn directly violated section 609.344 by raping the defenseless, barely conscious victim. It was certainly "for a violation of section ... 609.344" that Browder was being committed to prison. We can read this provision in only one way, and it defeats Browder's arguments.

■ The legislature could have worded the conditional-release statute in a way that would have made Browder's argument slightly stronger, or at least opened the statute to an ambiguity argument. For example, it might have said that the mandated conditional release occurs when an offender is committed to prison for *the offender's* violation of the listed statutes. But it did not. In wording the statute broadly so as to apply whenever an offender is imprisoned "for a violation of" one of the listed sex offenses, the legislature implicitly recognized that the current aiding-and-abetting statute continues a long-standing precept of statutory criminal law, which is that there is no distinction between a principal offender and an accomplice who aids and abets the principal's crime. *See State v. Briggs*, 84 Minn. 357, 360, 87 N.W. 935, 936 (1901). Section 609.05 renders the one who aids equally culpable for the principal offender's completion of the substantive crime. *State v. Crow*, 730 N.W.2d 272, 280 (Minn. 2007); *see also State v. Swanson*, 707 N.W.2d 645, 658–59 (Minn. 2006) (requiring intentional participation of accomplice to extend criminal liability to accomplice). The supreme court has explained that "aiding and abetting is not a separate substantive offense." *State v. DeVerney*, 592 N.W.2d 837, 846 (Minn. 1999). And the legislature foreclosed even the possibility of the aider's avoiding equal punishment with the principal under the conditional-release provision by choosing the passive construction, "for a violation of."

Browder gets no mileage out of *Noggle*. In *Noggle*, the supreme court held that an attempted criminal-sexual-conduct conviction under section 609.17 (which is not enumerated in section 609.3455, subdivision 6) does not trigger the conditional-release requirement. 881 N.W.2d at 550–51. The *Noggle* court refused to read language into the conditional-release statute to include attempted crimes. *Id.* Browder argues that the same reasoning should apply to aiding-and-abetting convictions, because section 609.05 (the aiding-and-abetting statute) is also not enumerated in section 609.3455, subdivision 6. But, as we have explained, we would have to read language *out* of the conditional-release statute to avoid applying it to Browder's sentence. And Browder's argument mistakenly implies that attempting to commit a crime is the same as aiding a crime. The two are materially dissimilar because the offense of attempting to commit a crime occurs without the actual completion of it, while the offense of aiding a crime occurs only if the crime has been completed. More on point here, in the mere attempt to commit a crime, the offender is not imprisoned "for a violation of" an enumerated sex-offense statute, because there has been no "violation of" an enumerated sex-offense statute. By contrast, in the aiding case, the offender is indeed imprisoned for a violation (the principal's violation) of a sex crime.

In sum, because Browder was committed to the commissioner of corrections "for a violation of" section 609.344, he falls within the scope of the express language of the ten-year conditional-release statute. The district court did not abuse its discretion by denying Browder's sentence-correction motion on this ground.

## II

 Browder argues that he should not have been assigned a criminal-history point for a prior robbery conviction because the sentencing guidelines commission's directive to assign a felony criminal history point to his felony-turned-misdemeanor conviction violates the constitutional separation of powers. Whether an enactment unconstitutionally violates separation of powers is a question of law we review de novo. *See State v. Lemmer*, 736 N.W.2d 650, 656–57 (Minn. 2007).

 Browder's felony conviction was deemed a misdemeanor by operation of Minnesota Statutes section 609.13, subdivision 1(2) (2004). But "felony stays of imposition result in felony criminal history points no matter what period of probation the defendant receives." *State v. Campbell*, 814 N.W.2d 1, 7 (Minn. 2012). As a strict mathematical matter, the district court calculated Browder's criminal-history score correctly. But Browder argues that this treatment of converted convictions violates the separation-of-powers doctrine, which teaches that no government branch may encroach on the exclusive constitutional functions of another. *State v. T.M.B.*, 590 N.W.2d 809, 812 (Minn. App. 1999), *review denied* (Minn. June 16, 1999). Browder does not develop this argument; he merely declares that the guidelines commission lacks "statutory or Constitutional authority under the Separation of Powers doctrine." Nor does he cite any authority supporting his proposition or informing us any further about his legal theory. We need not consider mere assertions unsupported by argument or authority, unless prejudicial error is obvious on mere inspection. *State v. Andersen*, 871 N.W.2d 910, 915 (Minn. 2015).

We see no obvious separation-of-powers violation. The legislature created the sentencing guidelines commission and retains authority over it. *See* Minn. Stat. § 244.09 (2016); *State v. Shattuck*, 704 N.W.2d 131,

148 (Minn. 2005); *see also Mistretta v. U.S.*, 488 U.S. 361, 380–84, 109 S.Ct. 647, 659–61, 102 L.Ed.2d 714 (1989) (upholding federal sentencing commission as proper delegation of congressional power and as not a violation of separation of powers). The legislature defines the maximum penalties for felony crimes and authorized the commission to establish a guide for how those felonies may be sentenced within that statutory maximum, including how to apply past felony convictions. *See* Minn. Sent. Guidelines 2.B, 4.B (2016). And the legislature incorporates modifications to the sentencing guidelines into law. *See* Minn. Stat. § 244.09, subd. 11. Browder's undeveloped separation-of-powers argument has no obvious merit.

## DECISION

Because Browder was committed to the commissioner of corrections "for a violation of" section 609.344 by aiding and abetting the commission of this listed offense, the sentencing court rightly imposed a ten-year conditional-release term under section 609.3455, subdivision 6. Browder's challenge to his criminal-history score is undeveloped and facially unconvincing. The district court properly denied Browder's motion to correct his sentence.

**Affirmed.**