*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1551**

Andrew Henry Lieberman, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 20, 2024
Affirmed in part, reversed in part, and remanded
Smith, Tracy M., Judge**

Carver County District Court
File No. 10-CR-20-858

Cathryn Middlebrook, Chief Appellate Public Defender, Sean Michael McGuire, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mark Metz, Carver County Attorney, Angella M. Erickson, Assistant County Attorney,
Chaska, Minnesota (for respondent)

     Considered and decided by Smith, Tracy M., Presiding Judge; Connolly, Judge; and

Jesson, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**SMITH, TRACY M.**, Judge

Appellant Andrew Henry Lieberman challenges the district court's amended sentencing order following his motion to correct sentence. Pursuant to a plea agreement, Lieberman pleaded guilty to criminal sexual predatory conduct (based on the underlying predatory crime of kidnapping), kidnapping, third-degree criminal sexual conduct, and electronic solicitation of a child to engage in sexual conduct. At sentencing, the district court left the criminal-sexual-predatory-conduct count unadjudicated, convicted Lieberman of the remaining three counts, and imposed executed sentences for those three counts as agreed to by the parties, including an enhanced sentence for kidnapping via application of the criminal-sexual-predatory-conduct statute. Later, Lieberman moved to correct his sentences, asserting various challenges based on his having been convicted of kidnapping and not criminal sexual predatory conduct. In response, the district court issued an amended sentencing order vacating Lieberman's conviction and sentence for kidnapping and leaving that count unadjudicated, entering a conviction and sentence for criminal sexual predatory conduct, and essentially maintaining the original sentences.

Lieberman argues that the district court's amended sentencing order must be reversed because convicting him of criminal sexual predatory conduct violated his constitutional protection against double jeopardy. Alternatively, Lieberman argues that the district court erred by imposing separate sentences for criminal sexual predatory conduct and third-degree criminal sexual conduct because the offenses arose from the same behavioral incident. He also argues that, if he could be sentenced for third-degree criminal

sexual conduct, the district court erred by making two, rather than one, departures from the presumptive sentence for that offense.

Because double jeopardy is not implicated by the amended sentencing order, we affirm the district court's order with respect to Lieberman's conviction and sentence for criminal sexual predatory conduct. But, because the district court erred by imposing a separate sentence for third-degree criminal sexual conduct, we reverse that sentence and remand with instructions to vacate it.

**FACTS**

In September 2020, respondent State of Minnesota charged Lieberman with seven criminal counts, including one count of criminal sexual predatory conduct, one count of kidnapping, one count of third-degree criminal sexual conduct, three counts of electronic solicitation of a child to engage in sexual conduct, and one count of electronic communication with a child describing sexual conduct.[1] Lieberman entered into a plea agreement under which he pleaded guilty to four of the counts—criminal sexual predatory conduct, kidnapping, third-degree criminal sexual conduct, and one count of electronic solicitation of a child to engage in sexual conduct—in exchange for dismissal of the other charges and agreed-upon sentences.

During the plea hearing, the following factual basis was established for the four crimes. After exchanging sexually explicit images via cell phone with a 13-year-old girl,

---

[1] *See* Minn. Stat. §§ 609.3453, subd. 1 (criminal sexual predatory conduct), .25, subd. 1(2) (kidnapping), .344, subd. 1(b) (third-degree criminal sexual conduct), .352, subd. 2a(1) (electronic solicitation), (3) (electronic communication) (2020).

3

Lieberman arranged to meet the girl in person for sexual contact. He picked her up from a park and drove her to a nearby parking lot where he committed multiple forms of sexual penetration. After that encounter, Lieberman twice attempted to persuade the girl to again engage in sexual activity.

At the sentencing hearing in April 2021, the district court convicted and sentenced Lieberman on three of the counts to which he pleaded guilty. The district court first convicted Lieberman of kidnapping and sentenced him to imprisonment for 70 months, referencing what it described as "the sentencing modifier of criminal sexual predatory conduct." The district court also imposed a ten-year period of conditional release to follow Lieberman's incarceration. The district court then convicted Lieberman of third-degree criminal sexual conduct and imposed a consecutive, executed sentence of 36 months' imprisonment—a double upward departure[2]—to be followed by a lifetime period of conditional release. Finally, the district court convicted Lieberman of electronic solicitation of a child to engage in sexual conduct and sentenced him to imprisonment for 20 months, executed at Lieberman's request, to be served concurrently. The district court did not adjudicate the criminal-sexual-predatory-conduct count.[3] The executed sentences, which totaled 106 months, were in accord with the parties' plea agreement.

_____

[2] The two departures were (1) an executed sentence rather than the presumptive probationary sentence under the Minnesota Sentencing Guidelines and (2) a consecutive rather than the presumptive concurrent sentence.

[3] The original warrant of commitment reflects that the district court entered "[n]o adjudication" for criminal sexual predatory conduct; instead, the district court identified that offense as a "modifier" to the kidnapping conviction.

4

In April 2023, Lieberman filed a motion for correction of sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, challenging his sentences for kidnapping and third-degree criminal sexual conduct. He argued that his sentence for kidnapping exceeded the maximum presumptive sentence of 57 months under the Minnesota Sentencing Guidelines, that the district court erred by imposing a conditional-release term as part of his sentence for kidnapping, that the lifetime conditional-release term for third-degree criminal sexual conduct was unauthorized, and that the district court erred by imposing two departures with respect to the third-degree criminal-sexual-conduct offense. He asserted that the district court should correct his sentences to an executed 57-month term for kidnapping, a concurrent 48-month term for third-degree criminal sexual conduct, and a ten-year term of conditional release.

The district court rejected Lieberman's arguments. It determined that, consistent with the terms of the plea agreement, Lieberman should have been convicted of criminal sexual predatory conduct, not kidnapping. In an amended sentencing order, the district court vacated Lieberman's kidnapping conviction and entered a judgment of conviction for criminal sexual predatory conduct, identifying kidnapping as the "underlying offense." The district court changed the sentence for kidnapping to be a sentence for criminal sexual predatory conduct but did not otherwise modify Lieberman's sentences.

Lieberman appeals.

**DECISION**

Lieberman argues that the amended sentencing order must be reversed and he must be resentenced because (1) his conviction for criminal sexual predatory conduct violated

the constitutional bar against double jeopardy; (2) if his conviction and sentence for criminal sexual predatory conduct did not violate the bar against double jeopardy, the district court erred by imposing a sentence for third-degree criminal sexual conduct because the two offenses arose out of the same behavioral incident; and (3) if it was proper to sentence him for third-degree criminal sexual conduct, the district court erred by imposing two departures and a lifetime term of conditional release for that offense. Because our decisions regarding the first and second issues resolve this case, we do not address the third issue. We turn to the first issue.

## I.     Lieberman's conviction for criminal sexual predatory conduct did not violate the constitutional bar against double jeopardy.

Lieberman argues that the Double Jeopardy Clause of the United States Constitution precluded the district court from convicting him of criminal sexual predatory conduct two years after it had convicted him of kidnapping arising from the same incident.

We begin with some additional context. "A person is guilty of criminal sexual predatory conduct if the person commits a predatory crime that was motivated by the offender's sexual impulses or was part of a predatory pattern of behavior that had criminal sexual conduct as its goal." Minn. Stat. § 609.3453, subd. 1. "Predatory crime" is defined by statute and includes kidnapping. Minn. Stat. § 609.341, subd. 22 (2020). Section 609.3453 directs that a person who is convicted of criminal sexual predatory conduct is subject to a statutory maximum sentence that is "25 percent longer than for the underlying predatory crime." Minn. Stat. § 609.3453, subd. 2(a)(1) (2020).

6

As explained above, Lieberman pleaded guilty to both kidnapping and criminal sexual predatory conduct. In the original warrant of commitment, the district court entered a conviction for kidnapping but, as to the criminal-sexual-predatory-conduct count, wrote "No adjudication—modifier to [the kidnapping count]." The district court imposed a 70-month sentence for kidnapping, which, as contemplated by the plea agreement, was a presumptive 56-month sentence plus a 25% enhancement.

In the amended sentencing order and warrant of commitment, the district court determined that Lieberman should have been convicted of criminal sexual predatory conduct and the kidnapping count should have been left unadjudicated because it was the underlying predatory crime for criminal sexual predatory conduct. The district court wrote that "[r]eversing the crime of conviction . . . is consistent with the terms of the plea negotiation, which contemplated a guidelines sentence of 70 months for the interplay between these two offenses." The district court left the kidnapping count unadjudicated and imposed no sentence for that offense, and it entered a conviction and imposed a 70-month sentence for criminal sexual predatory conduct.

With that background, we return to Lieberman's constitutional argument. The Fifth Amendment to the United States Constitution provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." The Fifth Amendment's Double Jeopardy Clause applies to the states through the Fourteenth Amendment to the United States Constitution. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). The Double Jeopardy Clause offers three protections: (1) "against a second prosecution for the same offense after acquittal," (2) "against a second prosecution for the same offense after

conviction," and (3) "against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quotation omitted). An appellate court reviews double-jeopardy issues de novo. *State v. Leroy*, 604 N.W.2d 75, 77 (Minn. 1999).

Lieberman invokes the second double-jeopardy protection, arguing that his conviction for criminal sexual predatory conduct, entered two years after his conviction for kidnapping, is a second prosecution for the same offense. The state does not dispute that Lieberman's initial kidnapping conviction is, for purposes of double jeopardy, the "same offense" as his later criminal-sexual-predatory-conduct conviction. But the question remains as to whether the district court's amendment of the sentencing order to vacate the kidnapping conviction and enter a conviction for criminal sexual predatory conduct constituted a "second prosecution."

To support his argument that it did, Lieberman compares his case to two Minnesota Supreme Court cases: *State v. Martinez-Mendoza*, 804 N.W.2d 1 (Minn. 2011), and *State v. Jeffries*, 806 N.W.2d 56 (Minn. 2011).

In *Martinez-Mendoza*, the state charged the defendant with one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. 804 N.W.2d at 2. The parties reached a plea agreement under which the defendant pleaded guilty to second-degree criminal sexual conduct in exchange for dismissal of the first-degree criminal-sexual-conduct charge. *Id.* at 3. The district court accepted the defendant's guilty plea and adjudicated him guilty of the lesser offense, which the parties assumed would yield a presumptive 90-month executed sentence. *Id.* Before sentencing, the state learned that the presumptive sentence was a 36-month stayed sentence and moved to vacate

the defendant's guilty plea or reinstate the first-degree criminal-sexual-conduct charge. *Id.* The district court denied the motion, and the state appealed. *Id.* at 5. The supreme court held that the state had no right to appeal because the state is precluded from appealing a pretrial order "after jeopardy has attached" under Minnesota Rule of Criminal Procedure 28.04, subdivision 2(8), and jeopardy had attached, at the latest, when the district court accepted and recorded the defendant's guilty plea. *Id.* at 7-8 & 8 n.10. The supreme court also stated that permitting withdrawal of the plea agreement over the defendant's objection after conviction would allow him to be placed in jeopardy in violation of the Double Jeopardy Clause, which "protects against a second prosecution for the same offense after conviction." *Id.* at 8.

In *Jeffries*, the district court, during a plea hearing, accepted the defendant's guilty plea and adjudicated him guilty of felony domestic assault, with the understanding that the defendant would receive a stayed sentence. 806 N.W.2d at 58-59, 63-64. After learning more about the defendant's criminal history, the district court sua sponte vacated the defendant's guilty plea and set the case for trial. *Id.* at 59-60. The defendant entered a second guilty plea to felony domestic assault, which resulted in an executed sentence. *Id.* at 60. The supreme court held that Jeffries was convicted of felony domestic assault when the district court accepted the defendant's first guilty plea and adjudicated him guilty on the record and that reinstating the charge for trial was a "second prosecution for the same offense" that violated the Double Jeopardy Clause. *Id.* at 64.

In these cases, as here, the defendant was convicted. But, contrary to Lieberman's argument, neither case supports his argument that he was subjected to a "second

9

prosecution" following his conviction. In *Martinez-Mendoza*, the Double Jeopardy Clause prohibited the state from withdrawing from the plea agreement or amending the complaint, barring a second prosecution of the defendant. 804 N.W.2d at 2. In *Jeffries*, the defendant was subject to a second prosecution when the district court vacated the defendant's guilty plea and continued the criminal proceedings. 806 N.W.2d at 64. In both cases, permitting the state to continue with criminal proceedings after conviction would have again exposed the defendant to jeopardy.

Here, in contrast, Lieberman did not face a second jeopardy following his conviction. He pleaded guilty to both criminal sexual predatory conduct and kidnapping with an agreed-upon 70-month sentence, which the district court imposed. The state did not seek to undo Lieberman's pleas, and the district court did not do so. Rather, to effectuate the parties' agreement, the district court issued an amended sentencing order that entered a conviction for criminal sexual predatory conduct and left unadjudicated the included offense of kidnapping, maintaining the agreed-upon sentence. Lieberman was exposed only once to jeopardy for criminal sexual predatory conduct, and that was when he pleaded guilty to that offense. Amending the sentencing order to enter a conviction for criminal sexual predatory conduct and maintain the agreed-upon sentence was not a "second prosecution." Lieberman's double-jeopardy argument therefore fails.

## II. The district court erred by imposing a sentence for criminal sexual conduct in the third degree.

Lieberman alternatively argues that, if the district court properly convicted and sentenced him for criminal sexual predatory conduct, it erred by sentencing him for third-

10

degree criminal sexual conduct because the two offenses arose from a single behavioral incident. Lieberman's argument requires the interpretation of statutes and their application to undisputed facts, which an appellate court reviews de novo. *Cocchiarella v. Driggs*, 884 N.W.2d 621, 624 (Minn. 2016); *Anderson v. Christopherson*, 816 N.W.2d 626, 630 (Minn. 2012). The goal of statutory interpretation is to determine the intention of the legislature. *Cocchiarella*, 884 N.W.2d at 624. When statutory language is plain, courts must apply its plain meaning. *State v. Culver*, 941 N.W.2d 134, 139 (Minn. 2020).

Minnesota Statutes section 609.035 (2020) generally forbids multiple sentences for crimes arising out of a single behavioral incident. Minn. Stat. § 609.035, subd. 1; *see also State v. Williams*, 771 N.W.2d 514, 520 (Minn. 2009). But the legislature has made exceptions to the general rule, including when a person is convicted of kidnapping. *See* Minn. Stat. § 609.251 (2020). Section 609.251 states, "Notwithstanding section 609.04, a prosecution for or conviction of the crime of kidnapping is not a bar to conviction of or punishment for any other crime committed during the time of the kidnapping." And section 609.035, subdivision 1, lists section 609.251 as an exception to the rule against multiple sentences. Thus, when a person is convicted of kidnapping, they may also be sentenced for other crimes committed during the kidnapping. *See State v. Butterfield*, 555 N.W.2d 526, 532 (Minn. App. 1996).

In its amended sentencing order, the district court invoked the kidnapping exception when it sentenced Lieberman for third-degree criminal sexual conduct as well as for

criminal sexual predatory conduct.[4] Lieberman contends that the district court erred because he was convicted not of kidnapping, but of criminal sexual predatory conduct, and there is not an exception for that offense.

It is true that the district court did not convict Lieberman of kidnapping—when it convicted Lieberman of criminal sexual predatory conduct, it left the kidnapping count unadjudicated. But the district court reasoned that the kidnapping exception in section 609.251 nevertheless applied because kidnapping "formed the necessary basis" for the criminal-sexual-predatory-conduct offense.

The district court's application of the kidnapping exception was error. By its plain language, the kidnapping exception applies only to convictions for kidnapping. *See* Minn. Stat. §§ 609.035, subd. 1, .251. And the state has not pointed to, and we are unaware of, any statutory exception for the crime of criminal sexual predatory conduct. *See* Minn. Stat. §§ 609.3453 (stating no exception for criminal sexual predatory conduct), .035, subd. 1 (same).[5]

The district court's reasoning for invoking the kidnapping exception to permit multiple sentences is understandable. The crime of criminal sexual predatory conduct requires the commission of an underlying predatory crime. Minn. Stat. § 609.3453, subd. 1.

---

[4] An exception was necessary only if the two crimes arose from the same behavioral incident, and there is no dispute that they did.

[5] Nor has the legislature made an exception for Lieberman's other conviction—third-degree criminal sexual conduct committed without force or violence. *Cf.* Minn. Stat. § 609.035, subd. 6 (providing an exception for first- through fourth-degree criminal sexual conduct committed "with force or violence").

"Predatory crime" is defined by statute to include a number of felony offenses. Minn. Stat. § 609.341, subd. 22. For some predatory crimes—for example, kidnapping and burglary— the legislature has made exceptions to the general bar against multiple sentences. Minn. Stat. § 609.035, subd. 1. For other predatory crimes—for example, simple robbery and assault—it has not. *See id.* It is not unreasonable to think that the legislature may have intended that any exception that applies to the underlying predatory crime also applies when a person is convicted of criminal sexual predatory conduct based on that predatory crime.

But there is no statute that states such a statutory intent. To conclude that an exception exists for criminal sexual predatory conduct when the underlying predatory crime has an exception, we would have to read into the statutes language that is not present. That we may not do, whether the omission of the language was intentional or inadvertent. *See State v. Noggle*, 881 N.W.2d 545, 550-51 (Minn. 2016). In *Noggle*, the supreme court, in interpreting a statute authorizing conditional-release terms for certain enumerated offenses, refused to read into the statute "attempts" to commit the enumerated offenses. *Id.* We are similarly restricted to the statutory language here, which addresses only "kidnapping."

Applying the plain meaning of the relevant statutes, we conclude that the district court erred by applying the kidnapping exception and sentencing Lieberman for third-degree criminal sexual conduct because that crime arose from the same behavioral incident as his crime of criminal sexual predatory conduct. We therefore reverse Lieberman's

sentence for third-degree criminal sexual conduct and remand to the district court to vacate that sentence.[6]

We note that, in its amended sentencing order, the district court referenced potential motions and district court determinations that could follow if the third-degree criminal-sexual-conduct sentence were ruled improper in this appeal. We offer no opinion on such potential future motions and determinations.

**Affirmed in part, reversed in part, and remanded.**

---

[6] Because we reverse the sentence for third-degree criminal sexual conduct, which includes an aggravated prison sentence and a lifetime term of conditional release, we need not address Lieberman's arguments that the district court erred by imposing two departures and imposing a lifetime term of conditional release in sentencing for that crime.